## IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

```
_____X
                                           :
PERFORMANCE ADDITIVES, LLC                 :
                                           :
                    Plaintiff,             :  No. 22-00044
        v.                                 :
                                           :
                                           :  UNASSIGNED
UNITED STATES,                             :
                                           :
                    Defendant.             :
                                           :
_____X
```

## COMPLAINT

Plaintiff, Performance Additives, LLC, by its attorneys, Neville, Peterson LLP, Complains of the Defendant, United States, as follows:

## CAUSE OF ACTION

1. This action challenges the denial of plaintiff's protests contesting the refusal of defendant, through its agency United States Customs and Border Protection (CBP), to pay certain claims for duty drawback under Section 313 of the Tariff Act of 1930, as amended 19 U.S.C. §1313.

## JURISDICTION

2. This Court has subject matter jurisdiction of this action pursuant to 28 USC §1581(a) (2006), because the action contests the denial of two protests filed

by the Plaintiff with United States Customs and Border Protection ("CBP") contesting CBP's refusal to pay drawback on two (2) claims for drawback filed pursuant to 19 U.S.C. § 1313 (p).

3. This action is filed within the time limit prescribed in 19 USC §1514(a) and 28 U.S.C. §2636(a)(1).

4. All liquidated Customs duties in respect of the import entries designated as the basis of drawback in the claims were paid prior to the commencement of this action.

5. In this action, Plaintiff seeks an order holding that CBP's liquidations denying drawback were null and void, since the subject entries were liquidated as filed, by operation of law, pursuant to 19 U.S.C. §1504(a)(2)(A).

## PARTIES AND STANDING

6. Plaintiff is a corporation organized under the laws of the Commonwealth of Pennsylvania and does business from its facilities in Southern Pines, North Carolina.

7. Plaintiff is the real party in interest, because it is the party that filed certain drawback claims pursuant to 19 USC §1313, which claims were denied. Plaintiff is also the party that filed the two protests contesting the refusal to pay claims for drawback, which protests were denied by CBP.

8. The United States is the Federal defendant, and the proper party against whom this suit is brought, because its constituent agency, U.S. Customs and Border Protection, a unit of the United States Department of Homeland Security, is the agency which denied plaintiff's claims for duty drawback.

## STATEMENT OF FACTS

9. Plaintiff is an importer of certain polymethyl methacrylate polymer and other polymer chemicals, which, at all times relevant to these proceedings, were classifiable at entry within chapter 39 of the Harmonized Tariff Schedule of the United States.

10. Polymethyl methacrylate polymers and other plastics chemicals are subject to duties, user fees and harbor maintenance taxes upon entry into the United States.

11. All such duties, when imposed on Plaintiff's imports have been paid upon entry.

**History of Drawback**

12. The law of drawback was first enacted in the Tariff Act of 1789 and, in general, directed that certain customs duties paid to the United States on imported merchandise be refunded when an article, made with the use of that imported merchandise, is thereafter exported. (Tariff Act, 1789, Chapter V, Sections 31-32, 1 Stat. 29, 45-46).

13. Since its original enactment, the drawback law has been amended to allow for, inter alia, a refund of duties upon the exportation of articles made in the United States with domestic merchandise substitutable for the imported, duty-paid merchandise, provided that the regulations governing such claims are followed [19 U.S.C. §1313(b)]; to merchandise exported without having been used in the United States [Id., §1313(j)(1)]; to exported merchandise which is "substitutable" for imported, duty paid merchandise, and which is exported without having been "used" in the United States; [Id., §1313(j)(2)]; and to certain exported petroleum derivates deemed substitutable for imported, duty-paid petroleum derivatives [Id., §1313(p)], among other provisions.

14. In 1993, the Congress enacted the North American Free Trade Agreement Implementation Act, (Pub. L. 103-182) (hereinafter NAFTA) which, among other things, amended the "unused merchandise" provisions of the drawback law, known as subsection (j) and added language which provided that drawback shall be paid the exportation of substituted merchandise provided that such exporter was "in the possession of, …or … under the operational control of, imported merchandise" even if such merchandise is not used in the production of the exported article, provided that both the imported and exported article were "commercially interchangeable."

15. The North American Free Trade Agreement Implementation Act, Pub. L. 101-382 also enacted into law Section 313(p) of the Tariff Act of 1930, as amended [19 U.S.C. §1313(p)], which provides for the payment of drawback in respect of exported petroleum derivative articles which are "qualified goods" with respect to imported, duty-paid petroleum derivative articles.

These derivative articles included items classified in subheadings 3901 through 3914 of the Harmonized Tariff Schedule of the United States (HTSUS).

16. In 2015 the Congress enacted the "Trade Facilitation and Trade Enforcement Act, (hereinafter "TFTEA") which, among other things, changed the standard for "substitutability", for purposes of 19 U.S.C. §1313(j)(2) from "commercial interchangeability" to classification in the same 8-digit subheading of the HTSUS (and, in some cases, to classification in the same 10-digit statistical heading of the Harmonized Tariff Schedule of the United States Annotated (HTSUSA). These provisions became applicable upon the enactment of implementing regulations in 2018.

17. On the dates noted in the Summons for this action, plaintiff filed claims for duty drawback under 19 U.S.C. 1313 (j)(2) and §1313(p) in respect of imported polymethyl methacrylate polymer (PMMA). The claims were predicated on the export of PMMA which was "substitutable" under the drawback statute.

18. Prior to the liquidation of any such drawback claims, members of the Customs Regulatory Audit group audited several of the plaintiff's drawback claims to ensure compliance with the law and regulations and reported no substantive violation of the regulations.

19. In February of 2018 Customs began liquidating drawback claims filed by the Plaintiff, signaling to the Plaintiff that its drawback processes were accurate and that the claims, as a matter of law, qualified. Plaintiff qualified

for accelerated payment of estimated drawback refunds, in accordance with Customs' regulations.

20. Following the initial February 2018 liquidation, Plaintiff's accelerated payments of drawback continued, and Plaintiff both continued and increased its imports and its drawback claims.

21. On or about July 20, 2020, Plaintiff was notified, without explanation, that its drawback accelerated payment privileges were suspended.

**Limitations on the Liquidation of Drawback Claims**

22. Paragraph (1) of section 504 (a) of the 1930 Tariff Act, as amended and added, provides that an entry for consumption, unless suspended or extended, shall be deemed liquidated at the rate of duty, value, quantity and amount as asserted by the importer of record in the consumption entry on the first anniversary of the date of entry.

23. With respect to the liquidation of claims for duty drawback, Section 504(a)(1) and (2) of the Tariff Act of 1930, as amended [19 U.S.C. §1504(a)(1) and (2)], and which is the best evidence of its contents, provides as follows:

> **(2)Entries or claims for drawback**
>
> **(A)In general**
> Except as provided in subparagraph (B) or (C)[1], unless an entry or claim for drawback is extended under subsection (b) or suspended as required by statute or court order, an entry or claim for drawback not liquidated within 1 year from the date of entry or claim shall be

---

[1] 19 U.S.C. §1504(a)(2)(C) is obsolete and not applicable here.

deemed liquidated at the drawback amount asserted by the claimant or claim. Notwithstanding section 1500(e) of this title, notice of liquidation need not be given of an entry deemed liquidated.

**(B)Unliquidated imports**

An entry or claim for drawback whose designated or identified import entries have not been liquidated and become final within the 1-year period described in subparagraph (A), or within the 1-year period described in subparagraph (C), shall be deemed liquidated upon the deposit of estimated duties on the unliquidated imported merchandise, and upon the filing with the Customs Service of a written request for the liquidation of the drawback entry or claim. Such a request must include a waiver of any right to payment or refund under other provisions of law. The Secretary of the Treasury shall prescribe any necessary regulations for the purpose of administering this subparagraph.

24. Section 504(a)(2)(A) and 504(a)(2)(B) create a "two track" process for the liquidation of drawback entries. Under Section 504(a)(2)(A), an entry or claim for drawback must be liquidated or extended within one year of the filing of the entry or claim, unless the liquidation is extended pursuant to 19 U.S.C. 1504(b). Absent such an extension, the entry or claim for drawback will be deemed liquidated one year after the date of its filing "at the drawback amount asserted by the claimant or claim."

26. Subsection (b) of section 504 states that if Customs extends a drawback or consumption entry, no such extension of the one-year period shall extend beyond four years from the date of consumption entry or the date of the filing of the drawback entry, as the case may be.

## COUNT I

27. Paragraphs 1 through 26 of this Complaint are incorporated by reference as though fully set out herein.

28. Plaintiff filed drawback entry BI00003408-1 on March 8, 2016.

29. Customs' Automated Commercial Environment records list the drawback entries as having its liquidation "extended."

30. Customs purports to have liquidated the entry on May 14, 2021, without benefit of drawback, well over five years after the date of the filing of the entry.

31. Even assuming, arguendo, that the liquidation of this drawback claim was validly extended, under the plain reading of section subsection (b)(4) of section 504 of the Tariff Act of 1930, the extension would have terminated no later than March 8, 2020, on the fourth anniversary of the date of the filing of the claim.

31. Because this entry was deemed liquidated by operation of law as of March 8, 2020 with allowance of drawback in the amount as stated in the claim, the purported liquidation by Customs of May 14, 2021, over one year later, denying any drawback benefits, was contrary to law, null, void, and unenforceable.

## COUNT II.

32. Paragraphs 1 through 31 of this Complaint are incorporated by reference as though fully set forth herein.

33. Plaintiff filed drawback entry BI00004498-1 on March 10, 2020 and the

liquidation of the drawback entry was not extended.

34. None of the designated import entries in this claim remained unliquidated one year after the filing of this drawback claim.

35. According to CBP's own records fifty-four (54) underlying import consumption entries were designated by the drawback claimant as the basis for the March 10, 2020 drawback claim; and

   a. The earliest designated underlying consumption entry in this claim was dated July 12, 2019;

   b. The latest designated underlying consumption entry for this drawback entry was dated October 14, 2019; and

   c. The earliest date of liquidation of the underlying consumption entry was May 19, 2020, two months after the filing of the drawback claim; and

   d. The last liquidation date of the underlying consumption entry was September 4, 2020, less than 6 months after the filing of the drawback claim.

36. Therefore, on March 10, 2021, the first anniversary of the date of entry of the drawback claim, all underlying consumption entries were liquidated; the drawback entry was not extended and was therefore liquidated by operation of law in the amount as stated in the claim and the restricting language of 19 USC §1504((a)(2)(B) was inoperative.

37. Consequently, this drawback claim liquidated by operation of law as of March 10, 2021 by operation of 19 U.S.C. §1504(a)(2)(A), with allowance of drawback as set forth in the claim.

38. Customs' purported liquidation of this entry with denial of drawback on April

30, 2021 was contrary to law, null, void and unenforceable.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays this this Honorable Court enter an order declaring CBP's denial of drawback with respect to the entries at bar to be unlawful, null and void;

Directing the appropriate CBP officer to reliquidate the drawback entries with allowance of drawback, and directing CBP to pay the drawback to plaintiff, together with interest as provided by law; and

Providing plaintiff such further and additional relief as this Court may deem just.

                                                Respectfully submitted,

                                                /s/ John P. Donohue

                                                John P. Donohue
                                                John M. Peterson
                                                Richard F. O'Neill
                                                NEVILLE PETERSON LLP

                                                *Counsel for Plaintiff*

                                                100 N. 18th Street
                                                Philadelphia, PA 19335
                                                Telephone: 267-850-8730
                                                Jdonohue@npwny.com