UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: HON. CLAIRE R. KELLY, JUDGE

_____
                                        :
PERFORMANCE ADDITIVES, LLC,             :
                                        :
                    Plaintiff,          :
                                        :
                                        :         Court No. 22-00044
            v.                          :
                                        :
UNITED STATES,                          :
                                        :
                    Defendant.          :
_____  :

## <u>**ORDER**</u>

Upon consideration of defendant's cross-motion for summary judgment and response in opposition to plaintiff's motion for summary judgment, other papers on file, and upon due deliberation, it is hereby

**ORDERED** that defendant's cross-motion for summary judgment is hereby granted; and it is

**ORDERED** that plaintiff's motion for summary judgment is hereby denied; and it is further

**ORDERED** that judgment is entered for defendant and this action is dismissed.


                                    _____
                                                JUDGE


Dated: _____
        New York, New York

UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: HON. CLAIRE R. KELLY, JUDGE

---

|  |  |  |
|---|---|---|
| PERFORMANCE ADDITIVES, LLC, | : | |
| | : | |
| Plaintiff, | : | |
| | : | Court No. 22-00044 |
| v. | : | |
| | : | |
| UNITED STATES, | : | |
| | : | |
| Defendant. | : | |

---

## <u>DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT AND RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT</u>

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

PATRICIA M. McCARTHY
Director

JUSTIN R. MILLER
Attorney-In-Charge
International Trade Field Office

Of Counsel:

Yelena Slepak                           ALEXANDER VANDERWEIDE
Office of the Assistant Chief Counsel    Senior Trial Counsel
International Trade Litigation            Civil Division, U.S. Dept. of Justice
U.S. Customs and Border Protection       Commercial Litigation Branch
                                         26 Federal Plaza
                                         New York, New York 10278
                                         Tel. (212) 264-9230 or 0482
                                         Attorneys for Defendant

Dated: November 21, 2023

# TABLE OF CONTENTS

BACKGROUND ........................................................................................................ 1

QUESTION PRESENTED .................................................................................... 2

SUMMARY OF ARGUMENT .............................................................................. 3

ARGUMENT ........................................................................................................... 3

   I.   STANDARD OF REVIEW ...................................................................... 3

   II.   PAL'S DRAWBACK CLAIMS DID NOT LIQUIDATE BY OPERATION OF LAW .. 4

      A.  The Applicable Statutory And Regulatory Framework ................................ 4

      B.  Overview Of The Legal Framework Of 19 U.S.C. § 1504(a)(2) ............................ 9

      C.  PAL's Drawback Claims Did Not Deem Liquidate Under Section 1504(a)(2)(B) Because PAL Did Not Invoke The Procedural Mechanisms Of That Provision ....... 11

      D.  PAL's Drawback Claims Did Not Deem Liquidate Under Section 1504(a)(2)(A) ... 12

CONCLUSION ....................................................................................................... 18

# TABLE OF AUTHORITIES

## Cases

*Anderson v. Liberty Lobby, Inc.*,
   477 U.S. 242 (1986) ........................................................................................ 4

*Bailey v. United States*,
   516 U.S. 137 (1995) ...................................................................................... 15

*BP America Production Co. v. Burton*,
   549 U.S. 84 (2006) .......................................................................................... 9

*Candle Corp. of Am. v. United States*,
   374 F.3d 1087 (Fed. Cir. 2004) .................................................................... 14

*Celotex Corp. v. Catrett*,
   477 U.S. 317 (1986) ........................................................................................ 4

*Ford Motor Co. v. United States*,
   44 F. Supp. 3d 1330 (Ct. Int'l Trade 2015) ..................................... *passim*

i

*Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A.*,
   530 U.S. 1 (2000) ...................................................................................... 9, 13, 16, 17

*Hibbs v. Winn*,
   542 U.S. 88 (2004) ................................................................................................ 15

*Matsushita Elecs. Indus. Co. v. Zenith Radio Corp.*,
   475 U.S. 574 (1986) ............................................................................................... 4

*Phone-Mate, Inc. v. United States*,
   690 F. Supp. 1048 (Ct. Int'l Tr. 1988) *aff'd*,
   867 F.2d 1404 (Fed. Cir. 1989) ............................................................................. 4

*Sebelius v. Cloer*,
   569 U.S. 369 (2013) ............................................................................................... 9

*Texas Apparel Co. v. United States*,
   698 F. Supp. 932 (Ct. Int'l Tr. 1988) *aff'd*,
   883 F.2d 66 (Fed. Cir. 1989) *cert. denied*,
   493 U.S. 1024 (1990) ............................................................................................. 4

*United States v. Pan Pac. Textile Group Inc.*,
   276 F. Supp. 2d 1316 (Ct. Int'l Tr. 2003) ............................................................. 4

*Welch v. United States*,
   578 U.S. 120 (2016) ............................................................................................. 15

*Whitman v. Am. Trucking Associations*,
   531 U.S. 457 (2001) ............................................................................................. 15

## Statutes

19 U.S.C. § 1504 ............................................................................................... 8, 12, 13

19 U.S.C. § 1514(a) ................................................................................................ 8, 16

19 U.S.C. § 1504(a)(2) ........................................................................................ *passim*

19 U.S.C. § 1504(a)(2)(A) .................................................................................. *passim*

19 U.S.C. § 1504(a)(2)(B) .................................................................................. *passim*

19 U.S.C. § 1504(a)(2)(C) .................................................................................. *passim*

19 U.S.C. § 1504(b) ................................................................................. 2, 3, 4, 17, 18

19 U.S.C. § 1514(c) ................................................................................................ 8, 16

19 U.S.C. § 1514(c)(3) ................................................................................................ 16

19 U.S.C. § 1514(c)(3)(A) ............................................................................................. 9

**Rules**

USCIT Rule 56 .............................................................................................................. 3

USCIT Rule 56(c) ......................................................................................................... 4

**Regulations**

19 C.F.R. § 190.81 ........................................................................................................ 6

19 C.F.R. § 190.81(a) ............................................................................................... 6, 15

19 C.F.R. § 190.81(b) ................................................................................... 6, 12, 15, 16

19 C.F.R. § 190.81(c) .................................................................................................... 6

19 C.F.R. § 190.81(d) .................................................................................................... 6

19 C.F.R. § 190.81(e) ............................................................................................... 6, 15

19 C.F.R. § 190.81(f) .................................................................................................... 6

19 C.F.R. § 190.81(g) .................................................................................................... 6

**Other Authorities**

2A N. Singer, Statutes and Statutory Construction (rev. 6th ed. 2000)
    § 46.06, pp. 181–186............................................................................................. 15

Antonin Scalia & Bryan A. Garner, READING LAW: THE INTERPRETATION OF LEGAL TEXTS (2012)
    pp. 167................................................................................................................ 13, 14

UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: HON. CLAIRE R. KELLY, JUDGE

_____
                                                   :
PERFORMANCE ADDITIVES, LLC,                        :
                                                   :
                    Plaintiff,                     :
                                                   :    Court No. 22-00044
          v.                                       :
                                                   :
UNITED STATES,                                     :
                                                   :
                    Defendant.                     :
_____:

## DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT AND RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Pursuant to Rule 56 of the Rules of the United States Court of International Trade (USCIT), defendant, the United States (the Government), respectfully moves for an order granting its cross-motion for summary judgment, denying plaintiff's motion for summary judgment, and dismissing this action. The reasons for our cross-motion are set forth below, and in defendant's response to plaintiff's Rule 56.3 statement of material facts not in dispute and defendant's Rule 56.3 statement of undisputed materials facts, attached hereto.

## BACKGROUND

This case concerns the liquidation of two drawback claims filed on behalf of PAL: Drawback Claim No. BI0-0003408-1 (Claim 1), filed on March 8, 2016, and Drawback Claim No. BI0-0004498-1 (Claim 2), filed on March 10, 2020. *See* ECF Nos. 7-1, 7-2, Protests and Entries; ECF No. 8, Compl. ¶¶ 28, 33; ECF No. 18-1, Pl. Statement of Material Facts (SMF) Ex. A & B.

Claim 1 covered 31 designated import entries of merchandise described in PAL's complaint as "polymethyl methacrylate polymer" (subject merchandise). *See* ECF No. 7-1,

Protest and Entries; Compl. ¶¶ 9, 10, 17; Pl. SMF Ex. A.  The 31 import entries liquidated on various dates between July 8, 2016 and December 30, 2016, and these liquidations became final 180 days later on various dates between January 4, 2017 and June 28, 2017.  *See* ECF No. 7-1, Protest and Entries; Pl. SMF Ex. A.  U.S. Customs and Border Protection (CBP) extended the liquidation of Claim 1 once on March 2, 2018, and liquidated the claim on May 14, 2021, at a drawback amount of zero.  *Id*.; *see also* ECF No. 12, Answer ¶¶ 29, 30.

Claim 2 covered 48 designated import entries of the subject merchandise, which liquidated on various dates between May 29, 2020 and November 27, 2020.  *See* ECF No. 7-2, Protest and Entries; Pl. SMF Ex. B.  These liquidations became final 180 days later on various dates between November 25, 2020 and May 26, 2021.  *Id*.  Claim 2 was liquidated by CBP on April 30, 2021, also at a drawback amount of zero.[1]  *Id*.; *see also* Answer ¶ 36.

The dispute between the parties is a narrow one.  PAL contends that CBP's liquidations of Claims 1 and 2 are "void *ab initio* since the claims in question had previously been 'deemed liquidated' at the amounts previously stated by Plaintiff in its drawback claims."  ECF No. 18, Pl. Mot. at 1.  We disagree.  PAL's drawback claims did not deem liquidate by operation of 19 U.S.C. § 1504(a)(2)(A) and/or 19 U.S.C. § 1504(b), as PAL alleges.  *Id*.  Rather, for the reasons discussed below, CBP's liquidations of Claims 1 and 2 were valid.  Accordingly, our cross-motion for summary judgment should be granted, plaintiff's motion for summary judgment should be denied, and this action should be dismissed.

## QUESTION PRESENTED

Whether CBP's liquidation of PAL's drawback claims was valid.

---

[1] The liquidation of Claim 2 was not extended by CBP.

## SUMMARY OF ARGUMENT

CBP liquidated Claims 1 and 2 on May 14, 2021 and April 30, 2021, respectively. These claims did not become deem liquidated by operation of 19 U.S.C. § 1504(a)(2)(A) and/or 19 U.S.C. § 1504(b), as PAL contends. As made evident by the plain terms of 19 U.S.C. § 1504(a)(2), and as explained by this Court in *Ford Motor Co. v. United States*, 44 F. Supp. 3d 1330 (Ct. Int'l Trade 2015), a deemed liquidation of a drawback claim under subparagraph (A) only occurs when all of the designated import entries are liquidated and final by the end of the statutory one-year period, as measured from the date that the drawback claim is filed. Because all of the designated import entries underlying Claims 1 and 2 were not liquidated and final (*i.e.*, 180 days after the liquidations) within the respective one-year periods, PAL's drawback claims did not deem liquidate in accordance with 19 U.S.C. § 1504(a)(2)(A). Nor did the subject drawback claims deem liquidate pursuant to 19 U.S.C. § 1504(a)(2)(B), as PAL did not deposit estimated duties on the unliquidated imported merchandise and file with CBP a written request for the liquidation of the drawback claims, as is required to trigger a deemed liquidation under subparagraph (B). Finally, because PAL's drawback claims were not subject to deemed liquidation under either section 1504(a)(2)(A) or (B), the time limits on extensions of liquidation imposed by 19 U.S.C. § 1504(b) do not apply to Claims 1 and 2. Consequently, PAL's drawback claims were properly liquidated by CBP at a drawback amount of zero.

## ARGUMENT

### I.    STANDARD OF REVIEW

Under USCIT Rule 56, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment

as a matter of law." USCIT Rule 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). On a motion for summary judgment, the Court determines whether there are any factual disputes that are material to the resolution of the action. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986); *Texas Apparel Co. v. United States*, 698 F. Supp. 932, 934 (Ct. Int'l Tr. 1988), *aff'd*, 883 F.2d 66 (Fed. Cir. 1989), *cert. denied*, 493 U.S. 1024 (1990) (citations omitted). "The court may not resolve or try factual issues on a motion for summary judgment." *Phone-Mate, Inc. v. United States*, 690 F. Supp. 1048, 1050 (Ct. Int'l Tr. 1988), *aff'd*, 867 F.2d 1404 (Fed. Cir. 1989) (citation omitted). In determining whether a genuine issue of fact exists, the Court reviews the evidence submitted, drawing all inferences against the moving party. *See United States v. Pan Pac. Textile Group Inc.*, 276 F. Supp. 2d 1316, 1319 (Ct. Int'l Tr. 2003); *Matsushita Elecs. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Here, there are no material facts in dispute to preclude summary judgment in favor of the Government.

## II.     PAL'S DRAWBACK CLAIMS DID NOT LIQUIDATE BY OPERATION OF LAW

### A.  The Applicable Statutory And Regulatory Framework

PAL contends that its drawback claims deem liquidated in accordance with the limits on liquidation set forth in 19 U.S.C. § 1504(a)(2) and/or 19 U.S.C. § 1504(b). In its entirety, section 1504(a)(2) provides as follows:

> (2) Entries or claims for drawback
>
> (A) In general
>
> Except as provided in subparagraph (B) or (C), unless an entry or claim for drawback is extended under subsection (b) or suspended as required by statute or court order, an entry or claim for drawback not liquidated within 1 year from the date of entry or claim shall be deemed liquidated at the drawback amount asserted by the claimant or claim. Notwithstanding section 1500(e) of this

title, notice of liquidation need not be given of an entry deemed liquidated.

(B) Unliquidated imports

An entry or claim for drawback whose designated or identified import entries have not been liquidated and become final within the 1-year period described in subparagraph (A), or within the 1-year period described in subparagraph (C), shall be deemed liquidated upon the deposit of estimated duties on the unliquidated imported merchandise, and upon the filing with the Customs Service of a written request for the liquidation of the drawback entry or claim. Such a request must include a waiver of any right to payment or refund under other provisions of law. The Secretary of the Treasury shall prescribe any necessary regulations for the purpose of administering this subparagraph.

(C) Exception

An entry or claim for drawback filed before December 3, 2004, the liquidation of which is not final as of December 3, 2004, shall be deemed liquidated on the date that is 1 year after December 3, 2004, at the drawback amount asserted by the claimant at the time of the entry or claim.

Section 1504(b), pertaining to extensions of liquidations, states as follows:

The Secretary of the Treasury may extend the period in which to liquidate an entry if—

(1) the information needed for the proper appraisement or classification of the imported or withdrawn merchandise, or for determining the correct drawback amount, or for ensuring compliance with applicable law, is not available to the Customs Service; or

(2) the importer of record or drawback claimant, as the case may be, requests such extension and shows good cause therefor.

The Secretary shall give notice of an extension under this subsection to the importer of record or drawback claimant, as the case may be, and the surety of such importer of record or drawback claimant. Notice shall be in such form and manner (which may include electronic transmittal) as the Secretary shall by regulation prescribe. Any entry the liquidation of which is extended under this subsection shall be treated as having been liquidated at the rate

of duty, value, quantity, and amount of duty asserted by the importer of record, or the drawback amount asserted by the drawback claimant, at the expiration of 4 years from the applicable date specified in subsection (a).

CBP's regulations administering section 1504(a)(2) are found in 19 C.F.R. § 190.81.

Relevant to the matter at hand, are regulatory sections 190.81(a), (b), (d), and (e),[2] which state:

(a) Time of liquidation. Drawback entries may be liquidated after:

(1) Liquidation of the designated import entry or entries becomes final pursuant to paragraph (e) of this section; or

(2) Deposit of estimated duties on the imported merchandise and before liquidation of the designated import entry or entries.

(b) Claims based on estimated duties.

(1) Drawback may be paid upon liquidation of a claim based on estimated duties if one or more of the designated import entries have not been liquidated, or the liquidation has not become final (because of a protest being filed) (see also § 173.4(c) of this chapter), only if the drawback claimant and any other party responsible for the payment of liquidated import duties each files a written request for payment of each drawback claim, waiving any right to payment or refund under other provisions of law, to the extent that the estimated duties on the unliquidated import entry are included in the drawback claim for which drawback on estimated duties is requested under this paragraph. The drawback claimant must, to the best of its knowledge, identify each import entry that has been protested and that is included in the drawback claim. A drawback entry, once finally liquidated on the basis of estimated duties pursuant to paragraph (e)(2) of this section, will not be adjusted by reason of a subsequent final liquidation of the import entry.

(2) However, if final liquidation of the import entry discloses that the total amount of import duty is different from the total estimated duties deposited, except in those cases when drawback is 100% of the duty, the party responsible for the payment of liquidated duties, as applicable, will:

---

[2] Sections 190.81(c), (f), and (g) pertain, respectively, to drawback claims based on voluntary tenders or other payments of duties, relative value; multiple products, and payment.

(i)     Be liable for 1 percent of all increased duties found to be due on that portion of merchandise recorded on the drawback entry; or

(ii)    Be entitled to a refund of 1 percent of all excess duties found to have been paid as estimated duties on that portion of the merchandise recorded on the drawback entry.

(d) Claims based on liquidated duties. Drawback will be based on the final liquidated duties paid that have been made final by operation of law (except in the case of the written request for payment of drawback on the basis of estimated duties, voluntary tender of duties, and other payments of duty, and waiver, provided for in paragraphs (b) and (c) of this section).

(e) Liquidation procedure.

(1) General. When the drawback claim has been completed by the filing of the entry and other required documents, and exportation (or destruction) of the merchandise or articles has been established, CBP will determine drawback due on the basis of the complete drawback claim, the applicable general manufacturing drawback ruling or specific manufacturing drawback ruling, and any other relevant evidence or information. Notice of liquidation will be given electronically as provided in §§ 159.9 and 159.10(c)(3) of this chapter.

(2) Liquidation by operation of law.

(i)     Liquidated import entries. A drawback claim that satisfies the requirements of paragraph (d) that is not liquidated within 1 year from the date of the drawback claim (see § 190.51(e)(1)(i)) will be deemed liquidated for the purpose of the drawback claim at the drawback amount asserted by the claimant or claim, unless the time for liquidation is extended in accordance with § 159.12 or if liquidation is suspended as required by statute or court order.

(ii)    Unliquidated import entries. A drawback claim that satisfies the requirements of paragraphs (b) or (c) of this section will be deemed liquidated upon the deposit of estimated duties on the unliquidated imported merchandise (see § 190.81(b)).

7

Peppered throughout the above statutory and regulatory provisions is the notion of a final liquidation.  Generally, liquidation of an entry becomes final 180 days after the date that it liquidates, unless a protest is filed, as per the terms of 19 U.S.C. §§ 1514(a) and (c).  Section 1514(a) states as follows:

> (a)  Finality of decisions; return of papers
>
> Except as provided in subsection (b) of this section, section 1501 of this title (relating to voluntary reliquidations), section 1516 of this title (relating to petitions by domestic interested parties), section 1520 of this title (relating to refunds), and section 6501 of Title 26 (but only with respect to taxes imposed under chapters 51 and 52 of such title), any clerical error, mistake of fact, or other inadvertence, whether or not resulting from or contained in an electronic transmission, adverse to the importer, in any entry, liquidation, or reliquidation, and, decisions of the Customs Service, including the legality of all orders and findings entering into the same, as to—
>
> (1) the appraised value of merchandise;
>
> (2) the classification and rate and amount of duties chargeable;
>
> (3) all charges or exactions of whatever character within the jurisdiction of the Secretary of the Treasury;
>
> (4) the exclusion of merchandise from entry or delivery or a demand for redelivery to customs custody under any provision of the customs laws, except a determination appealable under section 1337 of this title;
>
> (5) the liquidation or reliquidation of an entry, or reconciliation as to the issues contained therein, or any modification thereof, including the liquidation of an entry, pursuant to either section 1500 of this title or section 1504 of this title;
>
> (6) the refusal to pay a claim for drawback; or
>
> (7) the refusal to reliquidate an entry under subsection (d) of section 1520 of this title;
>
> shall be final and conclusive upon all persons (including the United States and any officer thereof) unless a protest is filed in

> accordance with this section, or unless a civil action contesting the denial of a protest, in whole or in part, is commenced in the United States Court of International Trade in accordance with chapter 169 of Title 28 within the time prescribed by section 2636 of that title. When a judgment or order of the United States Court of International Trade has become final, the papers transmitted shall be returned, together with a copy of the judgment or order to the Customs Service, which shall take action accordingly.

Relevant here, 19 U.S.C. § 1514(c)(3)(A) provides as follows: "A protest of a decision, order, or finding described in subsection (a) shall be filed with the Customs Service within 180 days after but not before—(A) date of liquidation or reliquidation…"

As unpacked in the next sections, both of PAL's drawback claims did not deem liquidate by operation of 19 U.S.C. § 1504(a)(2) because the liquidation of some of the underlying import entries did not become final within one year of the dates that PAL's drawback claims were filed.

## B.  Overview Of The Legal Framework Of 19 U.S.C. § 1504(a)(2)

"As in any statutory construction case, '[w]e start, of course, with the statutory text,' and proceed from the understanding that '[u]nless otherwise defined, statutory terms are generally interpreted in accordance with their ordinary meaning.'" *Sebelius v. Cloer*, 569 U.S. 369, 376 (2013) (*quoting BP America Production Co. v. Burton*, 549 U.S. 84, 91 (2006)). "We reiterate that 'when [a] statute's language is plain, the sole function of the courts—at least where the disposition required by the text is not absurd—is to enforce it according to its terms.'" *Id.* at 381 (*quoting Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A.*, 530 U.S. 1, 6 (2000)) (additional internal quotation marks omitted).

This action is not the first before the Court to parse the applicability and workings of the subparagraphs in 19 U.S.C. § 1504(a)(2). *Ford Motor Co. v. United States*, 44 F. Supp. 3d 1330, 1332 (Ct. Int'l Trade 2015) (*Ford*), centered on whether plaintiff's drawback claims, all filed before December 3, 2004, deem liquidated by operation of subparagraph (C) (not at issue here),

as plaintiff contended and the Court ultimately held, or did not deem liquidate at all, as the Government unsuccessfully maintained.

In *Ford*, the Court provided an overview of the structure and operation of 19 U.S.C. § 1504(a)(2). Beginning with subparagraph (A), the Court stated that "the focus of subparagraph (A) is on drawback entries or claims that are (in Customs' shorthand) 'workable'—*i.e.*, drawback entries or claims where the liquidation of the underlying import entries has become final." *Ford*, 44 F. Supp. 3d at 1343; *see also id.* at 1335 ("In agency parlance, Customs considers a drawback claim to be 'workable' (*i.e.*, ready for liquidation) when all of the import entries that underlie that drawback claim have been liquidated and those liquidations have become final.").

The Court further explained that "{t}he general rule set forth in subparagraph (A) also is not applicable if subparagraph (B) or subparagraph (C) applies. *See* 19 U.S.C. § 1504(a)(2)(A). As discussed in greater detail below, the general focus of subparagraph (B) is drawback entries or claims where the underlying import entries have not yet been liquidated and become final." *Ford*, 44 F. Supp. 3d at 1343.

The Court then spelled out the fundamentals of subparagraph (B) as follows:

> In general, subparagraph (B) of the statute (captioned "Unliquidated imports") operates to give parties the option of having their so-called "non-workable" drawback entries and claims deemed liquidated, notwithstanding underlying import entries that are unliquidated and not yet final, provided that a party "deposit[s] ... estimated duties on the unliquidated imported merchandise" and files with Customs "a written request for the liquidation of the drawback entry or claim." 19 U.S.C. § 1504(a)(2)(B).

*Ford*, 44 F. Supp. 3d at 1343-44. Thus, the Court explained that

> Subparagraph (B) applies generally to drawback entries and claims where one or more of the import entries that underlie the drawback entry or claim "have not been liquidated and become final within the 1–year period described in subparagraph (A)" (*i.e.*, "within 1 year from the date of the [drawback] entry or claim") or "within

the 1–year period described in subparagraph (C)" (*i.e.*, within the one-year period preceding December 3, 2005). 19 U.S.C. § 1504(a)(2)(A)-(C).

*Id*. at 1344.

Taken together, the *Ford* Court helpfully explained that subparagraph (A) of 19 U.S.C. § 1504(a)(2) pertains to so-called "workable" drawback claims, in which the underlying import entries have all liquidated and become final. In contrast, "non-workable" drawback claims, in which all of the underlying import entries have not yet been liquidated and become final, are the province of subparagraph (B).

### C. PAL's Drawback Claims Did Not Deem Liquidate Under Section 1504(a)(2)(B) Because PAL Did Not Invoke The Procedural Mechanisms Of That Provision[3]

PAL's Claim 1 was filed on March 8, 2016, but the liquidation of some of the import entries covered by Claim 1 was not final until June 28, 2017. *See* ECF No. 7-1, Protests and Entries; Compl. ¶ 28; Pl. SMF Ex. A. Claim 2 was filed on March 10, 2020, but the liquidation of some of the import entries covered by Claim 2 was not final until May 26, 2021. *See* ECF No. 7-2, Protests and Entries; Compl. ¶ 33; Pl. SMF Ex. B. Because the liquidation of all the import entries underlying Claims 1 and 2 was not final within a year of filing the drawback claims, PAL's drawback claims were "non-workable," and thus, subject to the deemed liquidation prescriptions of subparagraph (B). Yet, PAL did not invoke and comply with the deemed liquidation mechanism of subparagraph (B). As a consequence, PAL's claims did not deem liquidate under that provision.

As set forth in the preceding sections, 19 U.S.C. § 1504(a)(2)(B) applies to an "entry or claim for drawback whose designated or identified import entries have not been liquidated and

---

[3] Because PAL's drawback claims are "non-workable," we first address the impact of 19 U.S.C. § 1504(a)(2)(B) on the subject claims before discussing the parameters of 19 U.S.C. § 1504(a)(2)(A) in relation to the claims.

become final within the 1-year period described in subparagraph (A), or within the 1-year period described in subparagraph (C)." 19 U.S.C. § 1504(a)(2)(B). However, for a deemed liquidation to occur pursuant to subparagraph (B), the drawback claimant is required to deposit estimated duties on the unliquidated imported merchandise, and to file with CBP a written request for the liquidation of the claim. *Id*. Moreover, that "request must include a waiver of any right to payment or refund under other provisions of law." *Id*.; *see also* 19 C.F.R. § 190.81(b). Thus, unlike deemed liquidation under subparagraph (A), which automatically occurs if the terms of subparagraph (A) are met, subparagraph (B) requires the claimant to take the requisite affirmative steps to set in motion the deemed liquidation process.

Although the liquidation of the designated import entries for Claims 1 and 2 had not become final within one year of the claims being filed, PAL's "non-workable" drawback claims did not become deemed liquidated by operation of section 1504(a)(2)(B) because PAL did not deposit estimated duties and submit a written request for CBP to liquidate the claims. As a result, PAL's drawback claims did not deem liquidate pursuant to section 1504(a)(2)(B).

Furthermore, in accordance with the terms of the statute, consistent with the Court's decision in *Ford*, and as explained in the next section, because Claims 1 and 2 are "non-workable," they were not subject to deemed liquidation under 19 U.S.C. § 1504(a)(2)(A). Therefore, PAL's drawback claims could not have deem liquidated under subparagraph (A) either, despite PAL's contention otherwise.

### D. PAL's Drawback Claims Did Not Deem Liquidate Under Section 1504(a)(2)(A)

In its moving papers, PAL somewhat helpfully, but not fully accurately, explains how 19 U.S.C. § 1504(a)(2) "creates a two-tiered system for liquidation of drawback claims." Pl. Mot. at 16. When describing the first tier, PAL states that "{u}nder 19 U.S.C. § 1504(a)(2)(A), if all

import entries identified in the drawback claim have been liquidated within one-year after the filing of the drawback claim, then CBP *must* liquidate the drawback claim within one-year after the claim's filing." *Id*. (emphasis in original). As to the second tier, PAL states that "if the import entries designated in the drawback claim have *not* liquidated within one-year after the filing of the drawback claim, Section 504(a)(2)(A)'s 'deemed liquidation' provision does not come into play, and Customs is under *no* time constraints for liquidating the drawback claim." *Id*. at 17 (emphasis in original). PAL ultimately concludes that "both drawback claims at bar are 'Tier 1' claims, and therefore are subject to statutory time limits on liquidation." *Id*.

PAL's description of the tiers is incomplete, and inevitably its conclusion incorrect, because it neglects to acknowledge that the statutory time limits on liquidation of drawback claims hinge upon when the designated import entries liquidate *and become final*. As recited above, section 1504(a)(2)(B) applies, in pertinent part, to "{a}n entry or claim for drawback whose designated or identified import entries have not been liquidated *and become final* within the 1-year period described in subparagraph (A)…" (emphasis added). PAL does correctly explain that, with respect to the so-called Tier 2 claims, "Section 504(a)(2)(B) provides a mechanism by which a claimant can force liquidation of its drawback claim, even if the designated import entries were not liquidated and final one-year after the drawback claims were filed." Pl. Mot. at 19. Yet, as discussed above, PAL incorrectly surmises that section 1504(a)(2)(B) could not have applied to its claims because "there were no 'unliquidated imports' when the one-year period specified in Section 1504(a)(2)(A) expired." *Id*.

As is well-established, the "whole-text canon" "calls on the judicial interpreter to consider the entire text, in view of its structure and of the physical and logical relation of its many parts." Antonin Scalia & Bryan A. Garner, READING LAW: THE INTERPRETATION OF LEGAL

TEXTS at 167 (2012); *see also Candle Corp. of Am. v. United States*, 374 F.3d 1087, 1093 (Fed. Cir. 2004) (a court "will not look merely to a particular clause in which general words may be used but will take in connection with it the whole statute (or statutes on the same subject) and the objects and policy of the law, as indicated by its various provisions, and give it such a construction as will carry into execution the will of the Legislature.") (citation omitted).

When reading sections 1504(a)(2)(A) and (B) together, as their specific terms direct, and as the Court in *Ford* explained, a deemed liquidation of a drawback claim under subparagraph (A) occurs only when all of the designated import entries are liquidated *and final* by the end of the one-year period, as measured from the date the drawback claim is filed. This is made evident by subparagraph (A) applying only to a potential deemed liquidation if subparagraphs (B) and (C) do not ("Except as provided in subparagraph (B) or (C)…"), and subparagraph (B) specifically relating to, and covering, unliquidated *and nonfinal* import entries "within the 1-year period described in subparagraph (A)…."

Moreover, whereas subparagraph (A) pertains to *unliquidated drawback entries or claims*, subparagraph (B) is the only provision of section 1504(a)(2) that expressly covers *unliquidated import entries*. Indeed, subparagraph (A) does not speak to import entries whatsoever. And subparagraph (B) specifically predicates deemed liquidation eligibility under the subparagraph on the underlying import entries not liquidating and *becoming final* within a year of the filing of the drawback claim. Section 1504(a)(2) does not provide that liquidated and final import entries may potentially trigger a deemed liquidation under subparagraph (B), or that subparagraph (A) provides an exception to subparagraph (B) for liquidated import entries that are not final within a year of the drawback claim being filed. *See Ford*, 44 F. Supp. 3d at 1351

("Congress designated subparagraphs (B) and (C) as exceptions to the general one-year deemed liquidation rule of subparagraph (A).").

As such, if subparagraph (A) were to apply even when the liquidations of the underlying import entries were nonfinal by the end of the 1-year statutory period, then the phrase "and become final" in the express statutory provision governing import entries, subparagraph (B), would be made toothless and advisory. In this way, subparagraph (B) would be open to an unarticulated exception that is nowhere to be found in section 1504(a)(2), thereby rendering subparagraphs (A) and (B) inconsistent and contradictory. This is not a tenable construction of statutory provisions. *See*, *e.g.*, *Whitman v. Am. Trucking Associations*, 531 U.S. 457, 468 (2001) ("Congress, we have held, does not alter the fundamental details of a regulatory scheme in vague terms or ancillary provisions—it does not, one might say, hide elephants in mouseholes."); *Hibbs v. Winn*, 542 U.S. 88, 101 (2004) ("A statute should be construed so that effect is given to all its provisions, so that no part will be inoperative or superfluous, void or insignificant….") (quoting 2A N. Singer, Statutes and Statutory Construction § 46.06, pp. 181–186 (rev. 6th ed. 2000)); *Bailey v. United States*, 516 U.S. 137, 146 (1995), *superseded by statute*, as stated in *Welch v. United States,* 578 U.S. 120 (2016) ("We assume that Congress used two terms because it intended each term to have a particular, nonsuperfluous meaning.").

CBP's regulations reaffirm that a deemed liquidation pursuant to section 1504(a)(2)(A) only occurs when the underlying import entries are liquidated and final within one year of the filing of the drawback claim, *i.e.*, when the claim has become "workable." 19 C.F.R. § 190.81(a) specifies that a drawback claim may either be liquidated after the liquidation of the designated import entries becomes final pursuant to paragraph (e), or after the deposit of estimated duties on the imported merchandise but before the liquidation of the designated import entries. Thus, in

15

conjunction with paragraph (a), 19 C.F.R. §§ 190.81(b) and (e) provide that, when the underlying import entries have not yet liquidated and become final, the drawback claim is liquidated by operation of law only if the importer deposits estimated duties, and the drawback claimant meets all of the conditions of 19 C.F.R. § 190.81(b) (which implements 19 U.S.C. § 1504(a)(2)(B)). As a result, pursuant to the regulations and consistent with section 1504(a)(2), except for drawback claims based on estimated duties provided in section 190.81(b), for a drawback claim to deem liquidate by operation of law, the designated import entries must be liquidated, and their liquidations must be final within one year of the date of the drawback claim being filed. Neither scenario occurred here.

PAL posits that because its designated import entries liquidated within one year from the date of filing of the respective drawback claims, its two drawback claims are "Tier 1" claims that deem liquidated pursuant to section 1504(a)(2)(A) and/or 1504(b). In particular, with respect to Claim 1, PAL maintains that CBP failed to timely liquidate the claim after CBP extended its liquidation by a year, and as a result, "the drawback claim liquidated 'by operation of law' on March 8, 2018," which is two years from the date that Claim 1 was filed. Pl. Mot. at 18. As for Claim 2, PAL argues that because "the Section 504(a)(2)(A) conditions for 'deemed liquidation'…are met in this case," and no exceptions apply, "the claim liquidated by operation of law on March 10, 2021," which is one-year from the date that it was filed. *Id*. at 21. PAL's contention is not supportable.

As explained above, for a deemed liquidation pursuant to section 1504(a)(2)(A) to occur, all of the import entries underlying the drawback claims must not only be liquidated, but the liquidations must also be final within one year from the date of the filing of the drawback claims. That did not happen here. As set forth above, 19 U.S.C. §§ 1514(a) and (c)(3) provide that an

entry's liquidation becomes final after 180 days unless a protest is filed (which PAL did not do with respect to any of the import entries). Pl. Mot. at 2; Pl. SMF ¶¶ 8, 16. Here, Claim 1 was filed on March 8, 2016, and all import entries covered by Claim 1 were liquidated and final by June 28, 2017. *See* ECF No. 7-1, Protests and Entries; Compl. ¶ 28; Pl. SMF Ex. A. Claim 2 was filed on March 10, 2020, and all import entries covered by Claim 2 were liquidated and final by May 26, 2021. *See* ECF No. 7-2, Protests and Entries; Compl. ¶ 33; Pl. SMF Ex. B. Because the liquidations of some of the designated import entries for both claims remained nonfinal within one year of the filing of the claims, neither Claim 1 nor Claim 2 is a "Tier 1" or "workable" claim subject to the deemed liquidation limitations prescribed by section 1504(a)(2)(A). As a result, Claim 1 did not deem liquidate on March 8, 2018, and Claim 2 did not deem liquidate on March 10, 2021, as PAL contends. Consequently, CBP was under no statutory or regulatory time constraints to liquidate the subject drawback claims, and its affirmative liquidation of Claims 1 and 2 on May 14, 2021 and April 30, 2021, respectively, was valid.

We note that PAL contends that Claim 1 deem liquidated by the interplay of 19 U.S.C. §§ 1504(a)(2) and 1504(b), which governs liquidation extensions, as the liquidation of the claim was extended once by CBP. Pl. Mot. at 17-18. According to PAL, therefore, "the drawback claim liquidated 'by operation of law' on March 8, 2018," or potentially on March 8, 2020. *Id.* at 18. PAL is mistaken.

Section 1504(b) specifies that "{a}ny entry the liquidation of which is extended" shall be deemed liquidated "at the expiration of 4 years from the applicable date specified in subsection (a)." 19 U.S.C. § 1504(b). Here, Claim 1 is not a "Tier 1" or "workable" claim subject to section 1504(a)(2)(A). Nor was it affirmatively made a "Tier 2" claim by the triggering

17

mechanism specified in section 1504(a)(2)(B). Because the liquidation of the designated import entries did not become final within one year from the date of filing Claim 1, the claim was not subject to deemed liquidation, and therefore, no extension of liquidation was needed to prevent the claim from deem liquidating. As a result, section 1504(b) does not apply to Claim 1 (and Claim 2 for that matter), and, despite CBP's extension of Claim 1, the agency was under no obligation to extend the liquidation of the claim. Put simply, section 1504(b) does not impose any time limits on the liquidation of PAL's drawback claims, and CBP's liquidation of Claims 1 and 2 on May 14, 2021 and April 30, 2021, respectively, was proper and valid.

## **CONCLUSION**

For these reasons, we respectfully request that the Court grant our cross-motion for summary judgment, deny plaintiff's motion for summary judgment, enter judgment in our favor and dismiss this action.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

PATRICIA M. McCARTHY
Director

By:    /s/ Justin R. Miller
JUSTIN R. MILLER
Attorney-In-Charge
International Trade Field Office

Of Counsel:                        /s/ Alexander Vanderweide

Yelena Slepak                      ALEXANDER VANDERWEIDE
Office of the Assistant Chief Counsel    Senior Trial Counsel
International Trade Litigation      Civil Division, U.S. Dept. of Justice
U.S. Customs and Border Protection    Commercial Litigation Branch
                                   26 Federal Plaza
                                   New York, New York 10278
                                   Tel. (212) 264-9230 or 0482
Dated: November 21, 2023           Attorneys for Defendant

UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: HON. CLAIRE R. KELLY, JUDGE

_____
|                                       :
PERFORMANCE ADDITIVES, LLC,             :
                                        :
                      Plaintiff,        :
                                        :      Court No. 22-00044
            v.                          :
                                        :
UNITED STATES,                          :
                                        :
                      Defendant.        :
_____:

## <u>CERTIFICATE OF COMPLIANCE</u>

I, ALEXANDER VANDERWEIDE, a senior trial counsel in the Office of the Assistant Attorney General, Civil Division, Commercial Litigation Branch, International Trade Field Office, who is responsible for the Government's November 21, 2023 cross-motion for summary judgment and response in opposition to plaintiff's motion for summary judgment, relying upon the word count feature of the word processing program used to prepare the brief, certifies that this cross-motion and response complies with the word count limitation under the Court's chambers procedures, and contains 5764 words.

<u>/s/ Alexander Vanderweide</u>