UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: HON. CLAIRE R. KELLY, JUDGE

------------------------------------------------------------------- X
                                                                    :
PERFORMANCE ADDITIVES, LLC.,                                        :
                                                                    :
       **Plaintiff,**                                                :
                                                                    :
       *v.*                                                         :      22-cv-00044
                                                                    :
UNITED STATES OF AMERICA                                            :
       **Defendant.**                                               :
------------------------------------------------------------------- :
                                                                    ·X


**PLAINTIFF'S RESPONSE TO DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT AND REPLY IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

           NEVILLE PETERSON LLP
           *Counsel for Plaintiff*

           John P. Donohue
           100 N. 18th Street, Ste. 300
           Philadelphia, PA 19103
           (267) 207-3421
           jdonohue@npwny.com

           John M. Peterson
           Richard F. O'Neill
           Patrick B. Klein
           One Exchange Plaza
           55 Broadway, Suite 2602
           New York, NY 10006
           (212) 635-2730
           jpeterson@npwny.com

Dated: December 26, 2023

# **TABLE OF CONTENTS**

TABLE OF CONTENTS ................................................................................................................ i
PLAINTIFF'S RESPONSE TO DEFENDANT'S CROSS-MOTION FOR SUMMARY
JUDGMENT AND REPLY IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT .................................................................................................................................. 1
ARGUMENT .................................................................................................................................. 2
I.   Plaintiff's Entries Were Deemed Liquidated as Filed by Operation of 19 U.S.C.
     § 1504(a)(2)(A). ................................................................................................................. 2
II.  Plaintiff's Purported Liquidation of Claim B10-0003408-1 is Void by Operation of 19
     U.S.C. § 1504(b)(2) ......................................................................................................... 12
CONCLUSION ............................................................................................................................ 13

# TABLE OF AUTHORITIES

**Cases**
*Alcan Aluminum Corp. v. United States,* 165 F.3d 898  (Fed. Cir. 1997) .................................. 11
*Bates v. United States*, 522 U.S. 23  (1997)............................................................................... 9
*Connecticut Nat'l Bank v. Germain,* 503 U.S. 249 (1992). ...................................................... 10
*Consumer Prod. Safety Comm'n v. GTE Sylvania, Inc*., 447 U.S. 102 (1980)............................ 10
*Davis v. Michigan Department of Treasury* 489 U.S.  803 (1989)............................................... 4
*Farrel Corp. v. International Trade Commission*, 949 F.2d 1147 (Fed. Cir. 1992)..................... 11
*Freytag v. Commissioner*, 501 U.S. 868 (1991) .......................................................................... 9
*Friends of Animals v. Sheehan,* 2021 U.S. Dist LEXIS 8456 (D. Or, 2021)............................... 13
*Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A*., 530 U.S. 1 (2000)....................... 9
*K Mart Corp. v. Cartier, Inc*., 486 U.S. 281 (1988). .................................................................. 10
*Kucana v. Holder* 558 U.S. 233 (2020) ........................................................................................ 4
*National Assn. of Manufacturers v. Dept. of the Treasury*, 10 F.4th 1279 (Fed. Cir. 2021). ......... 13
*Rubin v. United States*, 449 U.S. 424 (1981) ............................................................................. 10
*Sebelius v. Cloer*, 569 U.S. 369 (2013)........................................................................................ 9
*Shanxi Hairu Trading Co. v. United States,* 503 F. Supp. 3d. 1307 (Ct. Int'l Tr. 2021)................ 4
*Tennessee Valley Auth. v. Hill*, 437 U.S. 153 (1978)................................................................. 10
*Timex V.I., Inc. v. United States,* 157 F.3d 879 (Fed. Cir. 1998)................................................. 9
*W. Virginia Univ. Hosps., Inc. v. Casey*, 499 U.S. 83 (1991)..................................................... 10

**Statutes**
19 U.S.C. § 1313.......................................................................................................................... 1
19 U.S.C. § 1501 .......................................................................................................................... 3
19 U.S.C. § 1504................................................................................................................. passim
28 U.S.C. § 1581..................................................................................................................... 1, 2

**Regulations**
19 C.F.R. § 174.13 ...................................................................................................................... 10
19 C.F.R. § 190.81 ................................................................................................................ 10, 11

UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: HON. CLAIRE R. KELLY, JUDGE

------------------------------------------------------------------- X
PERFORMANCE ADDITIVES, LLC.,  :
:
      **Plaintiff,**  :
:
      *v.*  :     22-cv-00044
:
UNITED STATES OF AMERICA  :
      **Defendant.**  :
------------------------------------------------------------------- X

## PLAINTIFF'S RESPONSE TO DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT AND REPLY IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

In accordance with Rules 7 and 56 of the Rules of the United States Court of International Trade ("USCIT R."), plaintiff, Performance Additives LLC ("Performance Additives"), hereby responds to the Government's Cross-Motion for Summary Judgment in this 28 U.S.C. § 1581(a) protest action, and replies in support of Plaintiff's own Motion for Summary Judgment.

This action involves two (2) claims for substitution unused merchandise drawback pursuant to 19 U.S.C. § 1313(j)(2) filed by Performance Additives.

Claim B10-0003408-1 was filed with U.S. Customs and Border Protection's ("CBP" or "Customs") Newark, New Jersey, Drawback Center on March 8, 2016. Liquidation of this claim was extended once on or about March 8, 2017, and not further extended thereafter. The claim designated thirty-one (31) import entries of duty-paid merchandise as the basis of the claim for drawback. It is undisputed that all 31 of the designated import entries were "liquidated" by Customs prior to March 8, 2018--*i.e.,* the anniversary of the end of the sole extension taken by Customs.

Claim B10-0004498-1 was filed with CBP's Newark Drawback Center on March 10, 2020. This claim designated forty-eight (48) import entries of duty-paid merchandise as the basis of the claim for drawback. It is undisputed that all 48 import entries were liquidated by Customs prior to March 10, 2021--*i.e.,* the one-year anniversary of the filing of the drawback claim.

It is also undisputed that, except as noted above, CBP took no action to "extend" the liquidation dates for the drawback claim pursuant to 19 U.S.C. § 1504(b), and that liquidation of the claims was not suspended according to statute or court order.

Customs purported to liquidate Claim B10-0003408-1 "no drawback" on May 14, 2021; and to liquidate Claim B10-0004498-1 "no drawback" on April 30, 2021.

Performance Additives timely protested the validity of these liquidations by filing New York Protest 1001-22-100962 on July 1, 2021. After its protest was denied on January 10, 2022, Performance Additives timely filed this action to challenge the denial of its protest. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1581(a).

## ARGUMENT

**I.    Plaintiff's Entries Were Deemed Liquidated as Filed by Operation of 19 U.S.C. § 1504(a)(2)(A).**

Performance Additives' drawback claims liquidated by operation of law pursuant to 19 U.S.C. § 1504(a)(2)(A), which provides:

(a) Liquidation

*                    *                    *

(2) Entries or claims for drawback

(A) In general

Except as provided in subparagraph (B) or (C), unless an entry or claim for drawback is extended under subsection (b) or suspended as required by statute or court order, an entry or claim for drawback not liquidated within

2

> 1 year from the date of entry or claim shall be deemed liquidated at the drawback amount asserted by the claimant or claim. Notwithstanding section 1500(e) of this title, notice of liquidation need not be given of an entry deemed liquidated.

It is unquestioned that CBP did not liquidate Performance Additives' drawback claims within one-year after they were filed, or within the one-year extension period for Claim B10-0003408-1. It is also undisputed that CBP only extended the 2016 entry once and did not extend or suspend the period of liquidation of the second entry at all. By operation of the plain terms of 19 U.S.C. § 1504(a)(2)(A), the claims were "deemed liquidated at the drawback amounts asserted by the claimant or claim"," on March 8, 2018, and March 10, 2021, respectively.[1]

The Government seizes on the language "[e]xcept as provided in subparagraph (B) or (C)," to argue that those subparagraphs—particularly subparagraph (B)—provide a general exception to the rule of deemed liquidation set out in subparagraph (A).[2] They do not. In particular, subparagraph (B) deals with a particular situation not found here. It allows a claimant to obtain a "deemed liquidation" of a claim which was not deemed liquidated pursuant to subparagraph (A).

The Government's misreading of subparagraph (B) overlooks the fundamental rule that a statute must be read as a whole. *Kucana v. Holder* 558 U.S. 233, 245 (2020) ("[I]n reading a statute we must not look merely to a particular clause, but consider it in connection with the whole statute"[.]") (citing *Davis v. Michigan Department of Treasury* 489 U.S. 803, 809 (1989)); *see also In re Henriksen* 55 C.C.P.A. 1384, 1387 (1968); *Shanxi Hairu Trading Co. v. United States,* 503 F. Supp. 3d. 1307, 1318 (Ct. Int'l Tr. 2021). Subparagraph (B) does not create a broad

---

[1] Pursuant to 19 U.S.C. § 1501, Customs may, within 90 days of liquidation of an entry or drawback claim, "reliquidate" the entry or claim. This period had long expired in the case of Claim B10-0003408-1. In the case of drawback claim B10-0004498-1, CBP's April 30, 2021 action was identified as a "liquidation" and not a reliquidation of an entry earlier liquidated.

[2] 19 U.S.C. § 1504(a)(2)(C) is a "transition" rule which operated in 2004. It is vestigial and irrelevant to the instant dispute, and we do not consider it further.

3

exception to the "deemed liquidation" provision set out in subparagraph (A); rather, it addresses a specific situation not found in this case.

This statute is admirably balanced. Paragraph 1 and paragraph 2 of subsection (a) of section 1504 recite the general rule—an entry for consumption is deemed liquidated on the first anniversary of the date of entry (paragraph 1); and a drawback entry or claim is deemed liquidated on the first anniversary of the date of the filing of the claim (paragraph 2). Having stated the general rule in subparagraph A, the statute in subparagraph (B) addresses a particular situation—not present here—for claims which are not "deemed liquidated"."

Thus, 19 U.S.C. § 1504(a)(2)(B), provides:

(B) Unliquidated imports

An entry or claim for drawback whose designated or identified import entries have not been liquidated and become final within the 1-year period described in subparagraph (A), or within the 1-year period described in subparagraph (C), shall be deemed liquidated upon the deposit of estimated duties on the unliquidated imported merchandise, and upon the filing with the Customs Service of a written request for the liquidation of the drawback entry or claim. Such a request must include a waiver of any right to payment or refund under other provisions of law. The Secretary of the Treasury shall prescribe any necessary regulations for the purpose of administering this subparagraph.

First, as the title of this provision indicates, it deals with "unliquidated imports." Therefore, in reading the statute as a whole, whether subparagraph B is to be considered at all requires the reader to ask a single question: Are any of the underlying consumption entries in the drawback claim unliquidated? If "yes," the remedy specified in subsection (B) may be pursued at the claimant's option. If "no," the special rule does not apply. Here, since all import entries designated in Performance Additives' drawback claims had liquidated within the one-year period specified in 19 U.S.C. § 1504(a)(2)(A), the "exception" set out in subparagraph (B) does not apply. Subparagraph (B) provides a mechanism for the payment of drawback under a very limited

4

circumstance, and one not relevant here—when the underlying consumption entries have not been liquidated.

Why does the special rule even exist? Contrary to the Government's view, the rule exists to treat as final the sum certain upon which drawback is calculated, when the amount of the drawback funds available is still not final. Stated differently, the purpose of the subparagraph is to broaden the opportunities for claiming drawback that might otherwise be blocked because the amount of the drawback reservoir of funds is not yet finally calculated. It is, in effect, a broadening of the **grant** drawback benefits; and not an obstacle to payment as has been suggested by the Defendant. At any rate, this analysis is moot as to the Plaintiff here because the underlying consumption entries were liquidated; and therefore, subparagraph (B) simply does not apply.

Subparagraph (B) addresses the very limited circumstance in which a drawback claimant seeks a drawback refund, when the amount of the duties available as drawback is not finally determined. Subparagraph (B) calls for the "deposit of estimated duties on the unliquidated imported merchandise." Performance Additives had neither "estimated duties" (all of the duties on the designated import entries were liquidated), nor "unliquidated imports" (all its imports were liquidated).

Nothing in subparagraph (B) limits or affects the "deemed liquidation" provision of subparagraph (A). The only events that can prevent a deemed liquidation from occurring pursuant to subparagraph (A) are: (1) earlier liquidation of the entry by CBP; or (2) extension by CBP of the liquidation period[3].

---

[3] Presumably a claimant could also seek a deemed liquidation by invoking subparagraph (B) before the one-year deemed liquidation period in subparagraph (A) had elapsed.

The Government's brief seeks to establish the particular situation contemplated by subsection 504(a)(2)(B) as a general exception to the "deemed liquidation" rule of subsection 504(a)(2)(A). As discussed below, there is absolutely no basis for the Court to so read the statute. In a rather tortured "overview" of the "legal framework of 19 U.S.C. § 1504(a)(2)"," the Government asserts that Customs, as an internal matter, does not consider drawback claims to be "workable" until the import entries designated therein have been liquidated, and both the 90-day "reliquidation" period, and the 180-day "protest" period, have expired.[4] *See* ECF 23 Government's Brief ("Gov.'s Br.") at pp.9-11. Thus, it reckons, the Court should read into section 504(a)(2)(A) an exception into the one-year deemed liquidation rule for **all** drawback entries. Thus, claims not liquidated within one-year after filing should be deemed liquidated on their one-year anniversary *unless import entries designated in the claims have been liquidated, and 180 days have elapsed since liquidation.*

This is an attempt to read into subparagraph (A) words which are not there. The concept of import entries which have not been "liquidated and become final" appears only in subparagraph (B). By contrast, the "deemed liquidation" provision of subparagraph (A) applies when the drawback claim is not liquidated within one-year after being filed; it makes no reference to the liquidation status of the import entries designated in the drawback claims.

There is no basis for this Court to insinuate such exclusionary language into an otherwise clear statutory provision. As the Government correctly notes, section 504(a)(2)(A) does not mention import entries at all. It simply provides that a drawback claim not liquidated within one-year of filing is *deemed liquidated*. The operation of the statute is in no way dependent on the

---

[4] The Government does not offer any affidavit or declaration of CBP personnel in support of this claim about "workable" drawback claims.

6

status of import entries designated in the drawback claim. While Customs, as a matter of internal practice, may not consider a claim "workable"[5] until designated import entries are liquidated and final, nothing in the drawback law or regulations prohibits CBP from liquidating a drawback claim at any time after it is filed—regardless of the status of the designated import entries.

If CBP wishes to prevent a deemed liquidation pursuant to 19 U.S.C. § 1504(a)(2)(A)—whether based on the liquidation status of designated import entries or otherwise—it can do so by *extending the liquidation period*, as provided in 19 U.S.C. § 1504(b), which states:

> (b) Extension
>
> The Secretary of the Treasury may extend the period in which to liquidate an entry if—
>
> (1) the information needed for the proper appraisement or classification of the imported or withdrawn merchandise, or for determining the correct drawback amount, or for ensuring compliance with applicable law, is not available to the Customs Service; or
>
> (2) the importer of record or drawback claimant, as the case may be, requests such extension and shows good cause therefor.
>
> The Secretary shall give notice of an extension under this subsection to the importer of record or drawback claimant, as the case may be, and the surety of such importer of record or drawback claimant. Notice shall be in such form and manner (which may include electronic transmittal) as the Secretary shall by regulation prescribe. Any entry the liquidation of which is extended under this subsection shall be treated as having been liquidated at the rate of duty, value, quantity, and amount of duty asserted by the importer of record, or the drawback

---

[5] The concept of a "workable" drawback claim appears nowhere in the statute or the Customs regulations. That having been said, the term is relevant here in only one context, and it enforces the position of the Plaintiff. Under subparagraph 1504(a)(2)(B), a drawback claim, the underlying consumption entries of which are unliquidated, is "unworkable" when the drawback claimant files the claim. The function of the subparagraph, is, in Government parlance, to render an "unworkable" claim "workable" by filing the request identified in subparagraph (B) and agreeing to make the government whole if, at the time of the liquidation of the underlying import entry, the amount of duties actually due may vary from the amount declared in the entry papers and deposited, which becomes the basis for the calculation of the drawback payment. It is a very narrow statute addressing a very narrow set of facts. No reasonable reading of this provision can create the breadth that the Defendant argues for.

7

>amount asserted by the drawback claimant, at the expiration of 4 years from the applicable date specified in subsection (a).

Extension of liquidation of a drawback claim requires affirmative action by Customs, including the issuance of notice to the drawback claimant and any surety involved in the transaction.[6] It is undisputed that CBP only extended the liquidation of Claim B10-0003408-1 for one-year (*i.e., from March* 2017 to March 2018), and did not extend the liquidation of Claim B10-0004498-1 at all.

The 'Government's position in this case would also seek to infer words in section 504(b) which Congress did not place there. It would effectively condition the extension provision with the term "*unless import entries designated in the claims have been liquidated, and 180 days have elapsed since liquidation*[.]" But there is absolutely no indication that Congress intended such meaning.[7] Rather, drawback claims are deemed liquidated under 19 U.S.C. § 1504(a)(2)(A) one-year after they are filed, unless CBP takes action to extend the one-year period under 19 U.S.C. § 1504(b).

As the Government aptly notes, *see* Gov. Br. at 9, that "where [a] statute's language is plain, the sole function of the courts—at least where the disposition required by the text is not absurd—is to enforce it according to its terms." *Sebelius v. Cloer*, 569 U.S. 369, 381 (2013) (quoting *Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A.*, 530 U.S. 1, 6 (2000)). "To ascertain whether Congress had an intention on the precise question at issue, [courts] employ the

---

[6] While all import entries are accompanied by a bond, drawback claims involve bonds only where the claimant has applied for and received accelerated payment of drawback privileges.

[7] For CBP to be required to monitor the liquidation status of import entries designating in drawback claims, in order to determine whether the deemed liquidation provision would be triggered, or whether a notice of extension of liquidation is necessary, would impose a huge burden on CBP that Congress clearly did not intend.

'traditional tools of statutory construction.'" *Timex V.I., Inc. v. United States,* 157 F.3d 879, 882 (Fed. Cir. 1998). Accordingly, courts "resist reading words or elements into a statute that do not appear on its face." *Bates v. United States*, 522 U.S. 23, 29 (1997); *see Cox v. West*, 149 F.3d 1360, 1363 (Fed. Cir. 1998) (quoting *Freytag v. Commissioner*, 501 U.S. 868, 873 (1991)) ("[W]hen [a court finds] the terms of a statute unambiguous, judicial inquiry should be complete except in rare and exceptional circumstances."). The Supreme Court has held "the starting point for interpreting a statute is the language of the statute itself. Absent a clearly expressed legislative intention to the contrary, that language must ordinarily be regarded as conclusive." *Consumer Prod. Safety Comm'n v. GTE Sylvania, Inc*., 447 U.S. 102, 108 (1980). While the Court may look to context to understand the meaning of a statute, it does not look beyond "the language and design of the statute as a whole." *K Mart Corp. v. Cartier, Inc*., 486 U.S. 281, 291 (1988).

Thus, if the language of the statute is "unambiguous, judicial inquiry is complete, except in 'rare and exceptional circumstances.'" *Rubin v. United States*, 449 U.S. 424, 430 (1981) (quoting *Tennessee Valley Auth. v. Hill*, 437 U.S. 153, 187, n.33 (1978)). "[The statute's] language is plain and unambiguous. What [one party] asks *is not a construction of a statute, but, in effect, an enlargement of it by the court*, so that what was omitted, presumably by inadvertence, may be included within its scope. To supply omissions transcends the judicial function." *W. Virginia Univ. Hosps., Inc. v. Casey*, 499 U.S. 83, 101 (1991)(emphasis added). The Supreme Court has also "stated time and again that courts must presume that a legislature says in a statute what it means and means in a statute what it says there." *Connecticut Nat'l Bank v. Germain,* 503 U.S. 249, 253-54 (1992).

As the Federal Circuit held in *Alcan Aluminum Corp. v. United States,* 165 F.3d 898, 902 (Fed. Cir. 1997), "Our duty to fairly construe the terms of the statute, not add to them." (quoting *Farrel Corp. v. International Trade Commission*, 949 F.2d 1147, 1153 (Fed. Cir. 1992)).

Reading the statutes at issue here as written does not produce an absurd result. Customs' regulations provide that a party receiving drawback on the basis of estimated import duties must either repay 1% of additional duties imposed upon liquidation or reliquidation of an import entry, or receive a refund equal to 1% of any excess found to have been paid. *See* 19 C.F.R. § 190.81(b)(2). Similarly, Customs' regulations regarding protests obligate the protest filer to indicate whether protested entries are the subject of a claim for drawback.[8] These regulations operate whether or not a claimant has invoked the procedure set out in Section 504(a)(2)(B). Thus, there are dual regulatory guardrails to prevent the excess refunds of duties.

Finally, Customs relies on the language of its regulations for the proposition that 19 U.S.C. § 1504(a)(2)(A), and 19 U.S.C. § 1504(b), should be read to preclude deemed liquidation of drawback claims, or to preclude the need to issue notices of extension of liquidation to prevent deemed liquidation from occurring. Specifically, the Government points to 19 C.F.R. § 190.81(a), which provides:

(a) Time of liquidation. Drawback entries may be liquidated after;

  (1) Liquidation of the designated import entry or entries becomes final pursuant to **paragraph (e) of this section**; or

---

[8] 19 C.F.R. § 174.13(a)(9) provides:

**Contents in general.** A protest shall contain the following information:

A declaration, to the best of the protestant's knowledge, as to whether the entry is the subject of drawback, or whether the entry has been referenced on a certificate of delivery or certificate of manufacture and delivery so as to enable a party to make such entry the subject of drawback (see §§ 181.50(b) and 191.81(b) of this chapter).

10

    (2) Deposit of estimated duties on the imported merchandise and before liquidation of the designated import entry or entries.

(Emphasis added). This formulation, however, cannot be read to amend the statutory provisions at issue. Indeed, acknowledging the provisions of 19 U.S.C. § 1504(a)(2)(A), the referenced subsection (e)(2) of the regulation provides:

    (e) Liquidation procedure.

        \*        \*        \*

    (2) Liquidation by operation of law.

        (i) Liquidated import entries. A drawback claim that satisfies the requirements of paragraph (d) that is not liquidated within 1 year from the date of the drawback claim (see § 190.51(e)(1)(i)) will be deemed liquidated for the purpose of the drawback claim at the drawback amount asserted by the claimant or claim, unless the time for liquidation is extended in accordance with § 159.12 or if liquidation is suspended as required by statute or court order.

        (ii) Unliquidated import entries. A drawback claim that satisfies the requirements of paragraphs (b) or (c) of this section will be deemed liquidated upon the deposit of estimated duties on the unliquidated imported merchandise (see § 190.81(b)).

Thus, nothing in the drawback regulations alters the operation of the statutory provisions set out at 19 U.S.C. §§ 1504(a)(2)(A) or 1504(b). It is well-established (and recently affirmed) that a drawback regulation may not alter statutory requirements. *See National Assn. of Manufacturers v. Dept. of the Treasury*, 10 F.4th 1279, 1287 (Fed. Cir. 2021).

    The most that can be said of 19 C.F.R. § 190.81(a) is that it provides a direction to CBP personnel in cases where drawback claims are liquidated by CBP personnel, rather than by

11

operation of law[9]. In no way does it condition or affect the operation of the deemed liquidation provision of Section 504(a)(2)(A).

Thus, CBP's purported "no drawback" liquidations of Performance Additives' drawback claims are void. The claims liquidated by operation of law pursuant to 19 U.S.C. § 1504(a)(2)(A).[10]

## II. Plaintiff's Purported Liquidation of Claim B10-0003408-1 is Void by Operation of 19 U.S.C. § 1504(b)(2)

As noted above, drawback Claim B10-0003408-1 was filed on March 8, 2016. CBP extended the liquidation date on or about March 8, 2017, thereby extending the period for liquidation to March 8, 2018. As there were no further extensions, this entry liquidated by operation of law on that date.

But even if Customs had validly extended the liquidation period up to the maximum 4 years allowed by 19 U.S.C. § 1504(b)(2), the entry would still have been deemed liquidated four years from filing—*i.e.*, on March 8, 2020. Indeed, the statute provides:

> Any entry the liquidation of which is extended under this subsection shall be treated as having been liquidated at the rate of duty, value, quantity, and amount of duty asserted by the importer of record, or the drawback amount asserted by the drawback claimant, at the expiration of 4 years from the applicable date specified in subsection (a)."

---

[9] A liquidation which occurs by operation of law would not require an implementing regulation.

[10] The Defendant points to a Customs "policy" of only reviewing "workable" entries and alleges that because these entries were "unworkable" Customs had no obligation to review and liquidate. The general rule of course is that policy, unlike statute or regulation, does not have the force and effect of law  See *Friends of Animals v. Sheehan,* 2021 U.S. Dist LEXIS 8456 at *10-11(D. Or, 2021).  Nothing in the law limits the liquidation of Customs entries on the liquidation status of designated import entries.

19 U.S.C. § 1504(b)(2). Customs' purported "no drawback" liquidation on May 14, 2021 is thus untimely and void.

## CONCLUSION

For the reasons set out herein, Plaintiff submits that summary judgment should be entered in its favor and its protest sustained.

                                                                 Respectfully submitted,

                                                                 NEVILLE PETERSON LLP
                                                                 *Counsel for Plaintiff*

                                                                 /s/ John P. Donohue
                                                                 John P. Donohue
                                                                 100 N. 18 th Street, Ste. 300
                                                                 Philadelphia, PA 19103
                                                                 (267) 207-3421
                                                                 jdonohue@npwny.com

                                                                John M. Peterson
                                                                Richard F. O'Neill
                                                                Patrick B. Klein
                                                                One Exchange Plaza
                                                                55 Broadway, Suite 2602
                                                                New York, NY 10006
                                                                (212) 635-2730
                                                                jpeterson@npwny.com

Dated: December 26, 2023

**UNITED STATES COURT OF INTERNATIONAL TRADE**
**BEFORE: HON. CLAIRE R. KELLY, JUDGE**

| | |
|---|---|
| PERFORMANCE ADDITIVES, LLC., | |
| Plaintiff, | |
| v. | 22-cv-00044 |
| UNITED STATES OF AMERICA | |
| Defendant. | |

## CERTIFICATE OF COMPLIANCE

Pursuant to the U.S. Court of International Trade Standard Chambers Procedures, and in reliance upon the word count feature of the word processing program used to prepare the instant Memorandum, I, Patrick B. Klein, of Neville Peterson LLP, who is responsible for the instant Memorandum, certify that it contains 3,777 words.

Respectfully submitted,

/s/ Patrick B. Klein
Patrick B. Klein