UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: HON. CLAIRE R. KELLY, JUDGE

|  |  |
|---|---|
| PERFORMANCE ADDITIVES, LLC, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>UNITED STATES, )<br>)<br>Defendant. )<br>) | Court No. 22-00044 |

**DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT**

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

PATRICIA M. McCARTHY
Director

JUSTIN R. MILLER
Attorney-In-Charge
International Trade Field Office

Of Counsel:

Yelena Slepak
Office of the Assistant Chief Counsel
International Trade Litigation
U.S. Customs and Border Protection

ALEXANDER VANDERWEIDE
Senior Trial Counsel
Civil Division, U.S. Dept. of Justice
Commercial Litigation Branch
26 Federal Plaza, Room 346
New York, New York 10278
Tel. (212) 264-9230 or 0482
Attorneys for Defendant

Dated: January 19, 2024

# TABLE OF CONTENTS

ARGUMENT ................................................................................................................................. 2

    I.    PAL's Drawback Claims Did Not Deem Liquidate
        Under 19 U.S.C. § 1504(a)(2)(A) ............................................................................ 2

CONCLUSION .............................................................................................................................. 8

# TABLE OF AUTHORITIES

**Cases**

*Candle Corp. of Am. v. United States*,
374 F.3d 1087 (Fed. Cir. 2004) .................................................................................................... 6

*Ford Motor Co. v. United States*,
44 F. Supp. 3d 1330 (Ct. Int'l Trade 2015) ............................................................................. 4, 5

*Hibbs v. Winn*,
542 U.S. 88 (2004) ........................................................................................................................ 6

**Statutes**

19 U.S.C. § 1504(a)(2) ...................................................................................................... 3, 5, 7, 8

19 U.S.C. § 1504(a)(2)(A) ..................................................................................................*passim*

19 U.S.C. § 1504(a)(2)(A)-(C) ..................................................................................................... 5

19 U.S.C. § 1504(a)(2)(B) ..................................................................................................*passim*

19 U.S.C. § 1504(a)(2)(C) ........................................................................................................ 6, 7

19 U.S.C. § 1514(a) ....................................................................................................................... 8

19 U.S.C. § 1504(b) ....................................................................................................................... 7

19 U.S.C. § 1514(c)(3) .................................................................................................................. 8

**Regulations**

19 C.F.R. § 190.81(b) .................................................................................................................... 6

i

UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: HON. CLAIRE R. KELLY, JUDGE

| | |
|---|---|
| PERFORMANCE ADDITIVES, LLC, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>UNITED STATES, )<br>)<br>Defendant. )<br>) | Court No. 22-00044 |

**DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT**

Defendant, United States, respectfully submits this memorandum in reply to plaintiff's, Performance Additives, LLC (PAL), response (ECF No. 24, Pl. Opp.) to our cross-motion for summary judgment.

As set forth in our cross-motion, at issue in this case are two drawback claims filed on behalf of PAL: Drawback Claim No. BI0-0003408-1 (Claim 1), filed on March 8, 2016, and Drawback Claim No. BI0-0004498-1 (Claim 2), filed on March 10, 2020. *See* ECF Nos. 7-1, 7-2, Protests and Entries; ECF No. 8, Compl. ¶¶ 28, 33; ECF No. 18-1, Pl. Statement of Material Facts (SMF) Ex. A & B.

Claim 1 covered 31 designated import entries. The 31 entries liquidated on various dates between July 8, 2016 and December 30, 2016, and these liquidations became final 180 days later on various dates between January 4, 2017 and June 28, 2017. *See* ECF No. 7-1, Protest and Entries; Pl. SMF Ex. A. U.S. Customs and Border Protection (CBP) extended the liquidation of Claim 1 once on March 2, 2018, and liquidated the claim on May 14, 2021, at a drawback amount of zero. *Id.*; *see also* ECF No. 12, Answer ¶¶ 29, 30.

Claim 2 covered 48 designated import entries. The 48 entries liquidated on various dates between May 29, 2020 and November 27, 2020. *See* ECF No. 7-2, Protest and Entries; Pl. SMF Ex. B. These liquidations became final 180 days later on various dates between November 25, 2020 and May 26, 2021. *Id*. Claim 2 was liquidated by CBP on April 30, 2021, also at a drawback amount of zero. *Id*.; *see also* Answer ¶ 36.

In our cross-motion, we demonstrated that CBP properly liquidated Claims 1 and 2. We explained that because all of the designated import entries underlying Claims 1 and 2 were not liquidated and final (*i.e.*, 180 days after the liquidations) within a year from the dates that the drawback claims were filed, PAL's drawback claims could not, and did not, deem liquidate in accordance with 19 U.S.C. § 1504(a)(2)(A). We highlighted that, since the underlying import entries were not liquidated and final within a year of Claims 1 and 2 being filed, the drawback claims were potentially eligible for deemed liquidation under 19 U.S.C. § 1504(a)(2)(B). However, we showed that, because PAL did not file with CBP a written request for the liquidation of the drawback claims, along with the requisite waivers, as is required to trigger a deemed liquidation under subparagraph (B), PAL's drawback claims did not deem liquidate by operation of law. Accordingly, CBP's liquidations of Claims 1 and 2 were valid and timely.

**ARGUMENT**

I.   **PAL's Drawback Claims Did Not Deem Liquidate Under 19 U.S.C. § 1504(a)(2)(A)**

PAL contends that 19 U.S.C. § 1504(a)(2)(B) could not have applied to the import entries underlying its drawback claims, all of which had liquidated within a year of the dates that Claims 1 and 2 were filed. *See* Pl. Opp. at 4 ("Here, since all import entries designated in Performance Additives' drawback claims had liquidated within the one-year period specified in 19 U.S.C. § 1504(a)(2)(A), the 'exception' set out in subparagraph (B) does not apply."). But crucially, not

all of PAL's import entries had liquidated "and become final" within the one-year filing periods, as subparagraph (B) specifies.¹  As with its opening motion, PAL's response to our cross-motion continues to read out the words "and become final" from section 1504(a)(2)(B).

According to PAL, the supposed inapplicability of subparagraph (B) to its import entries means that subparagraph (A) must therefore apply to its drawback claims, rendering them deem liquidated under that provision.  But this reasoning and conclusion hinges upon an elision of 19 U.S.C. § 1504(a)(2)'s operative terms and structure, and ultimately on an erroneous application of section 1504(a)(2) to the particulars of PAL's drawback claims.

19 U.S.C. § 1504(a)(2)(A) governs a potential deemed liquidation *only if* subparagraphs (B) and (C) do not.²  *See* 19 U.S.C. § 1504(a)(2)(A) ("Except as provided in subparagraph (B) or

---

¹ 19 U.S.C. § 1504(a)(2)(B) provides as follows:

> (B) Unliquidated imports
>
> An entry or claim for drawback whose designated or identified import entries have not been liquidated and become final within the 1-year period described in subparagraph (A), or within the 1-year period described in subparagraph (C), shall be deemed liquidated upon the deposit of estimated duties on the unliquidated imported merchandise, and upon the filing with the Customs Service of a written request for the liquidation of the drawback entry or claim. Such a request must include a waiver of any right to payment or refund under other provisions of law. The Secretary of the Treasury shall prescribe any necessary regulations for the purpose of administering this subparagraph.

² 19 U.S.C. § 1504(a)(2)(A) provides as follows:

> (A) In general
>
> Except as provided in subparagraph (B) or (C), unless an entry or claim for drawback is extended under subsection (b) or suspended as required by statute or court order, an entry or claim for drawback not liquidated within 1 year from the date of entry or claim shall be deemed liquidated at the drawback amount asserted

3

(C)…"). Subparagraph (B), which specifically relates back to subparagraphs (A) and (C), pertains to an "entry or claim for drawback whose designated or identified import entries have not been liquidated and become final within the 1-year period described in subparagraph (A), or within the 1-year period described in subparagraph (C)." 19 U.S.C. § 1504(a)(2)(B). Thus, when subparagraphs (A) and (B) are read together, as their terms direct, a deemed liquidation of a drawback claim under subparagraph (A) occurs only when all of the designated import entries are liquidated *and final* by the end of the one-year period, as measured from the date the drawback claim is filed. These are so-called "workable" drawback claims in CBP's parlance. *See Ford Motor Co. v. United States*, 44 F. Supp. 3d 1330, 1335, 1343 (Ct. Int'l Trade 2015) (*Ford*). In contrast, "non-workable" drawback claims, such as the claims at issue here, in which all of the underlying import entries have not liquidated and become final, are subject to subparagraph (B).

      PAL disagrees and posits that:

> The Government seizes on the language "[e]xcept as provided in subparagraph (B) or (C)," to argue that those subparagraphs—particularly subparagraph (B)—provide a general exception to the rule of deemed liquidation set out in subparagraph (A). They do not. In particular, subparagraph (B) deals with a particular situation not found here. It allows a claimant to obtain a "deemed liquidation" of a claim which was not deemed liquidated pursuant to subparagraph (A).

Pl. Opp. at 3; *see also id*. at 3-4 ("Subparagraph (B) does not create a broad exception to the 'deemed liquidation' provision set out in subparagraph (A); rather, it addresses a specific situation not found in this case."). PAL thus appears to contend that subparagraphs (A) and (B)

---

by the claimant or claim. Notwithstanding section 1500(e) of this title, notice of liquidation need not be given of an entry deemed liquidated.

4

do not relate to one another whatsoever, but rather, operate independently within their respective silos.

Any such contention is at odds with the very terms of the provisions, which are expressly interrelated, as this Court painstakingly explained in *Ford*. "The general rule set forth in subparagraph (A) also is not applicable if subparagraph (B) or subparagraph (C) applies. *See* 19 U.S.C. § 1504(a)(2)(A). As discussed in greater detail below, the general focus of subparagraph (B) is drawback entries or claims where the underlying import entries have not yet been liquidated and become final." *Ford*, 44 F. Supp. 3d at 1343. "Subparagraph (B) applies generally to drawback entries and claims where one or more of the import entries that underlie the drawback entry or claim 'have not been liquidated and become final within the 1–year period described in subparagraph (A)' (*i.e.*, 'within 1 year from the date of the [drawback] entry or claim') or 'within the 1–year period described in subparagraph (C)' (*i.e.*, within the one-year period preceding December 3, 2005). 19 U.S.C. § 1504(a)(2)(A)-(C)." *Id*. at 1343-44; *see also id.* at 1351 ("Congress designated subparagraphs (B) and (C) as exceptions to the general one-year deemed liquidation rule of subparagraph (A).").

Even if PAL's construction of 19 U.S.C. § 1504(a)(2) was supportable—which it is not—subparagraph (B) *does* address a specific situation found in this case, regardless of PAL's contention otherwise, as the import entries underlying Claims 1 and 2 did not liquidate "and become final within the 1-year period described in subparagraph (A)." 19 U.S.C. § 1504(a)(2)(B). PAL cannot escape this fact by severing the opening phrase "Except as provided in subparagraph (B) or (C)" from 19 U.S.C. § 1504(a)(2)(A) and evaluating the balance of subparagraph (A), as it may apply to the subject drawback claims, in a vacuum, as if subparagraphs (B) and (C) were wholly irrelevant to the inquiry at hand. That is not how statutes

5

are to be construed.  *See, e.g., Hibbs v. Winn*, 542 U.S. 88, 101 (2004) ("A statute should be construed so that effect is given to all its provisions, so that no part will be inoperative or superfluous, void or insignificant….") (quoting 2A N. Singer, Statutes and Statutory Construction § 46.06, pp. 181–186 (rev. 6th ed. 2000)); *Candle Corp. of Am. v. United States*, 374 F.3d 1087, 1093 (Fed. Cir. 2004) (a court "will not look merely to a particular clause in which general words may be used but will take in connection with it the whole statute (or statutes on the same subject) and the objects and policy of the law, as indicated by its various provisions, and give it such a construction as will carry into execution the will of the Legislature.") (citation omitted).

Because subparagraph (B) expressly applies when, as here, the underlying import entries have not all liquidated and become final within a year of the dates of the filing of the drawback claims, for these "non-workable" claims to deem liquidate under that provision, PAL was required to deposit estimated duties on the unliquidated imported merchandise, and file with CBP a written request for the liquidation of the drawback claims.  19 U.S.C. § 1504(a)(2)(B).  And that "request must include a waiver of any right to payment or refund under other provisions of law."  *Id.*; *see also* 19 C.F.R. § 190.81(b).  PAL took no such action, and thus, Claims 1 and 2 did not deem liquidate under subparagraph (B).

PAL asserts that subparagraph (B) is "in effect, a broadening of the grant drawback benefits; and not an obstacle to payment as has been suggested by the Defendant."  Pl. Opp. at 5 (emphasis omitted).  But we are not suggesting as much.  We recognize that subparagraph (B) broadens the potential avenues for securing drawback, but only if certain statutory safeguard criteria are invoked and met by the claimant.  Here, PAL demands an allowance of drawback without first complying with the requirements set forth under subparagraph (B).  It cannot avoid

its failure to do so by dismissing subparagraph (B)'s conditions in their entirety, and attempting a workaround under a circumscribed and untenable reading of section 1504(a)(2)(A).

Yet it is PAL that contends that our position regarding 19 U.S.C. § 1504(a)(2) "attempt[s] to read into subparagraph (A) words which are not there." Pl. Opp. at 6. In purported support of this contention, PAL states that subparagraph (A) "makes no reference to the liquidation status of the import entries designated in the drawback claims." *Id*. PAL thus maintains that we have asked that the Court "read into section 504(a)(2)(A) an exception into the one-year deemed liquidation rule for all drawback entries," so that "claims not liquidated within one-year after filing should be deemed liquidated on their one-year anniversary unless import entries designated in the claims have been liquidated, and 180 days have elapsed since liquidation." *Id*. (emphasis omitted). PAL rejects such a construction of the statute, and simply posits that "drawback claims are deemed liquidated under 19 U.S.C. § 1504(a)(2)(A) one year after they are filed, unless CBP takes action to extend the one-year period under 19 U.S.C. § 1504(b)." *Id*. at 8.

PAL's overly narrow interpretation of 19 U.S.C. § 1504(a)(2)(A) fails to appreciate that *the statute itself* carves out an exception to subparagraph (A) for designated import entries that have not liquidated and become final within a year of the drawback claims being filed. And that exception, specifically set forth under subparagraph (B)—titled "Unliquidated imports"—directly speaks to import entries such as those underlying PAL's claims. We are not reading words into subparagraph (A) as PAL contends; rather, we are giving effect to the specific terms deployed by both subparagraph (A) ("Except as provided in subparagraph (B) or (C)…") and subparagraph (B) ("An entry or claim for drawback whose designated or identified import entries have not been liquidated and become final within the 1-year period described in subparagraph (A)…"). *See also* 19 U.S.C. §§ 1514(a) and (c)(3) (providing that an entry's liquidation

becomes "final" after 180 days unless a protest is filed). Accordingly, it stands to reason that subparagraph (A) need not reference or speak to the liquidation status of import entries, as that is the province of subparagraph (B).

We readily recognize that if the import entries underlying PAL's drawback claims had all liquidated and become final within a year of Claims 1 and 2 being filed, then section 1504(a)(2)(A) would govern the claims, and subparagraph (B) would not. But that did not occur here, so the particulars of PAL's drawback claims are subject to subparagraph (B). Try as plaintiff might to misapply the terms of 19 U.S.C. § 1504(a)(2), subparagraph (A) is not a fallback provision for PAL to secure deemed liquidation of its claims when subparagraph (B) is otherwise available, but has not been invoked and satisfied. PAL's construction of the statute must, therefore, be rejected, and its action dismissed.

## CONCLUSION

For these reasons, we respectfully request that the Court grant our cross-motion for summary judgment and deny PAL's motion for summary judgment.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

PATRICIA M. McCARTHY
Director

By:     /s/ Justin R. Miller
        JUSTIN R. MILLER
        Attorney-In-Charge
        International Trade Field Office

Of Counsel:

Yelena Slepak
Office of the Assistant Chief Counsel
International Trade Litigation
U.S. Customs and Border Protection

/s/ Alexander Vanderweide
ALEXANDER VANDERWEIDE
Senior Trial Counsel
Civil Division, U.S. Dept. of Justice
Commercial Litigation Branch

8

                                                         26 Federal Plaza, Room 346  
                                                       New York, New York 10278  
                                                       Tel. (212) 264-9230 or 0482  
Dated: January 19, 2024                                Attorneys for Defendant

UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: HON. CLAIRE R. KELLY, JUDGE

| | |
|---|---|
| PERFORMANCE ADDITIVES, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Court No. 22-00044 |
| ) | |
| UNITED STATES, ) | |
| ) | |
| Defendant. ) | |

**CERTIFICATE OF COMPLIANCE PURSUANT TO USCIT STANDARD CHAMBER PROCEDURE 2(B)**

I, Alexander Vanderweide, a Senior Trial Counsel in the Office of the Assistant Attorney General, Civil Division, Commercial Litigation Branch, International Trade Field Office, who is responsible for the foregoing reply brief, relying upon the word count feature of the word processing program used to prepare this brief, certify that this reply brief complies with the type-volume limitation under USCIT Standard Chamber Procedure 2(B) and contains 2427 words.

/s/ Alexander Vanderweide