

UNITED STATES COURT OF INTERNATIONAL TRADE
ONE FEDERAL PLAZA
NEW YORK, NY 10278-0001

CHAMBERS OF
Jane A. Restani
    Judge

April 5, 2024

Brian M. Boynton
Patricia M. McCarthy
Alexander J. Vanderweide
U.S. Department of Justice
Commercial Litigation Branch, Civil Division
26 Federal Plaza
Suite 346
New York, NY 10278

Justin R. Miller
U.S. Department of Justice
International Trade Field Office
26 Federal Plaza - Room 346
Civil Division
New York, NY 10278

Valerie Krüger
Of Counsel
Office of the Assistant Chief Counsel
International Trade Litigation
U.S. Customs and Border Protection
26 Federal Plaza - Room 258
New York, NY 10278

John Patrick Donohue
John M. Peterson
Patrick Brady Klein
Richard F. O'Neill
Neville Peterson, LLP
100 North 18th Street
Suite 300
Philadelphia, PA 19103

Re:   Performance Additives, LLC v. United States
      Court No. 22-00044
      Oral Argument Questions

Dear Counsel:

      As you know, oral argument in this case will be held on Thursday, April 18, 2024, at 2:30 p.m. in Courtroom No. 2 of the James L. Watson Courthouse of the United States Court of

Performance Additives, LLC v. United States                                           Page **2** of **3**
22-00044

International Trade, One Federal Plaza, New York, NY 10278. The court has examined the parties' submissions and would like counsel to respond to the following questions by Tuesday, April 16, 2024. We will discuss further at oral argument.

1. To what date did Customs extend liquidation on Performance's 2016 claim (B10-0003408-1)?

    a. Did such extension occur pursuant to 19 U.S.C. § 1504(b)?

    b. How do the terms of 19 U.S.C. § 1504(b) relate to an extension of liquidation of a drawback claim? Note particularly the reference to 19 U.S.C. § 1504(a) time periods.

    c. In this case, what is the significance of such an extension if the designated entries were finally liquidated on June 28, 2017?

    d. In this case, what document evidences the extension under 19 U.S.C. § 1504(b)? Why were there no subsequent extensions?

    e. Assuming 19 U.S.C. § 1504(b) applies to claims for drawback because it is referenced in 19 U.S.C. § 1504(a)(2)(A), what is the effect of failure to continue extending the time for liquidation of the drawback claim before the 4-year deadline has expired?

2. What does 19 U.S.C. § 1504(a)(2)(B) give to a claimant who complies with its terms? Note the statute says the claim is deemed liquidated without specifying at what rate.

    a. At what amount is a drawback claim liquidated per 19 U.S.C. § 1504(a)(2)(B)?

    b. To what does the waiver of any right of payment or refund potentially refer under 19 U.S.C. § 1504(a)(2)(B)?

3. Explain under the drawback system what triggers the payment of drawback under either accelerated or non-accelerated payment?

4. Explain why the statute refers to an entry or claim for drawback. What is an entry for drawback? Does this refer to the potential for making a claim for drawback at the same time as entry or does it refer to something else?

**For Plaintiff:**

1. Explain the burdens referred to in n.7 of your response brief.

Performance Additives, LLC v. United States                                         Page **3** of **3**
22-00044

2. Explain the last paragraph of n.24 of your opening brief. Where in the statute does it say that deemed liquidation based on the estimated duties is at the rate claimed subject to only a 90-day reliquidation period? How does this relate to changes in duties at final liquidation as set forth in the regulation?

                                                Very truly yours,

                                                /s/ Jane A. Restani
                                                   Judge

Case 1:22-cv-00044-JAR    Document 33    Filed 04/05/24    Page 3 of 3