**Slip Op. 24-65**

## UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| PERFORMANCE ADDITIVES, LLC,<br><br>           Plaintiff,<br><br>    v.<br><br>UNITED STATES,<br><br>           Defendant. | Before: Jane A. Restani, Judge<br><br>Court No. 22-00044 |

### OPINION AND ORDER

[Granting in part and denying in part Performance Additives, LLC's and the United States' cross-motions for summary judgment regarding denial of drawback claims.]

Dated: May 31, 2024

John M. Peterson and Patrick B. Klein, Neville Peterson, LLP, of New York, NY, argued for plaintiff Performance Additives, LLC. With them on the brief were John P. Donohue and Richard F. O'Neill.

Alexander J. Vanderweide, Senior Trial Counsel, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of New York, NY, argued for the defendant. With him on the brief were Brian M. Boynton, Principal Deputy Assistant Attorney General, Patricia M. McCarthy, Director, and Justin R. Miller, Attorney-In-Charge. Of counsel on the brief was Yelena Slepak, Attorney, Office of the Assistant Chief Counsel for International Trade Litigation, U.S. Customs and Border Protection of New York, NY.

Restani, Judge: Plaintiff Performance Additives, LLC ("Performance") commenced this action to challenge the United States Customs and Border Protection's ("Customs") denial of Performance's two claims for duty drawback on entries of polymethyl methacrylate polymer filed under the substitution of finished petroleum derivatives drawback statute. 19 U.S.C. § 1313(p) (2018). Now before the court are Performance's and defendant the United States' ("Government") cross-motions for summary judgment pursuant to USCIT R. 56. Pl.'s Mot. for Summ. J., ECF No. 18 (Aug. 31, 2023) ("Pl.'s Mot."); Def.'s Mot. for Summ. J., ECF No. 23 (Nov. 21, 2023) ("Def.'s

Mot."). For the following reasons, Performance's motion is granted in part and denied in part, and the Government's motion is granted in part and denied in part.

## BACKGROUND

Plaintiff Performance is an importer of various polymer and plastic chemicals classified under Chapter 39 of the Harmonized Tariff Schedule of the United States ("HTSUS") (Plastics and Articles Thereof). Protest and Entries for 100121101001 at 5–6, ECF No. 7-2 (Mar. 16, 2022) ("Protest for Drawback Claim 1"); Protest and Entries for 100121100962 at 5–6, ECF No. 7-1 (Mar. 16, 2022) ("Protest for Drawback Claim 2"); Compl. at ¶ 9, ECF No. 8 (July 6, 2022) ("Compl."). Performance filed two drawback claims relevant to this case: Entry No. BI00004498-1 ("Drawback Claim 1"), filed on March 10, 2020, and Entry No. BI00003408-1 ("Drawback Claim 2"), filed on March 8, 2016. Protest for Drawback Claim 1 at 24, Protest for Drawback Claim 2 at 20. Performance sought drawback under 19 U.S.C. § 1313(p), whereby Customs will refund up to 99% of duties and fees paid on goods imported into the United States if the importer subsequently exports goods of the same kind or quality. Id. at 25, 29. Pl.'s Mot. at 5. 19 U.S.C. § 1313 refers to these refunds as "drawback" or "substitution drawback." See also Nat'l Ass'n of Manufacturers v. Dep't of Treasury, 10 F.4th 1279, 1282 (Fed. Cir. 2021). Drawback Claim 1 identified forty-eight consumption entries for the claimed recovery of $1,328,589.84. Protest for Drawback Claim 1 at 32; Pl.'s Mot. at 7–8. Drawback Claim 2 identified thirty-one consumption entries of merchandise as the basis for the drawback claim in the amount of $91,291.83. Protests for Drawback Claim 2 at 25, 32; Pl.'s Mot. at 6–7.

Initially, Customs approved both applications for drawback; on July 28, 2020, however, Customs advised Performance that its drawback privileges were suspended, and shortly thereafter,

liquidated[1] Performance's drawback claims at an amount of zero.  Pl.'s Mot. at 4–5; Def.'s Mot.

at 2.  Performance protested, claiming that its drawback entries were "liquidated by operation of

law"[2] such that Customs' liquidations without benefit of drawback were "invalid."  Protest for

Drawback Claim 1 at 1; Protest for Drawback Claim 2 at 1.  Customs stated its reason for denying

Plaintiff's protest as: "Drawback claim[s] did not liquidate by operation of law in accordacne [sic]

with 19 USC 1504(a)(2)(B); all designated import entries were not liquidated and final within one

year of the claim being filed."  Protest for Drawback Claim 1 at 2; Protest for Drawback Claim 2

at 2.  Performance then commenced the instant action.

JURISDICTION AND STANDARD OF REVIEW

The court has protest denial jurisdiction under 28 U.S.C. § 1581(a) (2018).  Denied protests

are subject to de novo review "upon the basis of the record made before the court."  See 28 U.S.C.

§ 2640(a)(1).  Summary judgment is appropriate if "there is no genuine dispute as to any material

fact," and "the movant is entitled to judgment as a matter of law."  USCIT R. 56(a).

DISCUSSION

I.    **Statutory Framework**

Drawback, designed to encourage domestic manufacturing, is the reimbursement of duties

paid on goods imported into the United States and then used in the manufacture or production of

articles which are subsequently exported.  19 U.S.C. § 1313; 19 C.F.R. § 191.2(i)–(k) (2016);

Hartog Foods Int'l, Inc. v. United States, 291 F.3d 789, 793 (Fed. Cir. 2002) (citation omitted).  A

---

[1] "Liquidation" means the final computation or ascertainment of duties on entries for consumption or drawback entries.  19 C.F.R. § 159.1 (2016).  "Liquidation," as used with respect to drawback claims specifically, is the term which describes Customs' final determination concerning whether drawback should be paid, and in what amount.
[2] For purposes of "deemed liquidation," or liquidation by operation of law, an entry is deemed liquidated at the rate asserted by the claimant.  19 U.S.C. § 1504; Detroit Zoological Soc. v. United States, 10 CIT 654, 658, 647 F. Supp. 147, 150 (1986).

drawback claimant who exports said goods is entitled to a refund of up to 99% of the duties paid

on the merchandise upon its importation.  19 U.S.C. § 1313.  Detailed and specific provisions for

different types of drawback are made by statute and regulation, as here under 19 U.S.C. § 1313(p)

for substitution of finished petroleum derivatives.[3]  There are two relevant sets of entries making

up a drawback claim: (1) the underlying import or consumption entries filed with Customs at the

time of importation; and (2) the drawback entry or claim, filed after importation, which covers one

or more underlying import entries.[4]  Drawback is a privilege, not a right, and a claimant seeking

drawback must comply with all regulations the Secretary of the Treasury provides.  Aurea Jewelry

Creations, Inc. v. United States, 13 CIT 712, 713, 720 F. Supp. 189, 190 (1989), aff'd, 932 F.2d

943 (Fed. Cir. 1991); Hartog, 291 F.3d at 793.  Customs finalizes the payment of drawback through

---

[3] As Performance explains,

> 19 U.S.C. § 1313(p), allows payment of drawback with respect to imported petroleum substitutes which are "qualifying products" based upon the exportation, within a stated time, of substituted petroleum derivatives. Thus, if X. Corp. imports and pays duty on certain "qualifying" petroleum derivatives, and sells or exchanges them with Y Corp., and Y Corp. then acquires a good made with the use of a qualifying article, or substitutes of such articles, and either exports, or sells the goods to a third party for export, the exporter may claim drawback in respect of the imported "qualifying articles." See 19 C.F.R. §§ 191.173(c), 174(c)).

Pl.'s Mot. at 11.

[4] "Drawback claim" means the drawback entry and related documents required by regulation which together constitute the request for drawback payment, whereas "drawback entry" means the document containing a description of, and other required information concerning, the exported or destroyed article on which drawback is claimed.  19 C.F.R. § 191.2(j)–(k).  Thus, a drawback entry is one part of a complete drawback claim, although the terms are often used interchangeably.  Where the drawback claim has been completed by filing the entry and other documents and exportation has been established, Customs' drawback offices determine the drawback due.  For this reason, this opinion will refer to "drawback claims" generally throughout and will refer to import entries underlying drawback claims as either import or consumption entries.

the process of the "liquidation" of a drawback claim. 19 C.F.R. §§ 159.1, 191.81 (2016). Customs'

practice is

> generally to defer the liquidation of drawback claims until either all import entries
> underlying the drawback claim have been liquidated and those liquidations are
> "final" (i.e., the period for filing of any protest or claim against the liquidation of
> the import entries has expired), or the drawback claimant has filed a waiver with a
> deposit of any additional duties owed on the imported merchandise.

Ford Motor Company v. United States, 44 F. Supp. 3d 1330, 1335 (CIT 2015) (citing 19 C.F.R. §

191.81(a)(1), (2)). There are, then, two ways drawback claims are paid out: either based on the

final liquidation of the designated import entries; or, based on a deposit of estimated duties before

liquidation of the designated import entries. 19 C.F.R. § 190.81(a)–(d) ("Drawback will be based

on the final liquidated duties paid that have been made final by operation of law (except in the case

of the written request for payment of drawback on the basis of estimated duties, voluntary tender

of duties, and other payments of duty, and waiver, provided for in paragraphs (b) and (c) of this

section).").

Drawback may be based on estimated duties if the import entry has not been liquidated, or

the liquidation has not become final (for various reasons, including a protest being filed, statutory

suspension, or court order), and the drawback claimant and any other party responsible for the

payment of duties each files a written request for payment of drawback, waiving any right to

payment or refund under other provisions of law. 19 U.S.C. 1504(a)(2)(B); 19 C.F.R. § 190.81(b).

The regulation provides that the drawback claim may not be adjusted thereafter by reason of a

subsequent liquidation of any import entry. Id. But, it also provides that if final liquidation of the

import entry discloses that the total amount of duty is different from the estimated duties, the party

responsible for the payment of liquidated duties shall be liable for one percent of all increased

duties or shall be entitled to a refund of one percent of all excess duties. Id.

There are, however, limitations on the liquidation of drawback claims and their underlying import entries.  See 19 U.S.C. § 1504 (establishing a statutory time frame for the liquidation of consumption entries and drawback claims).  The intent of these limitations is to relieve importers of prolonged uncertainty by requiring that duty liabilities be ascertained and fixed generally within one year.  See Ambassador Div. of Florsheim Shoe v. United States, 748 F.2d 1560, 1565 (Fed. Cir. 1984).  To this end, 19 U.S.C. § 1504 provides for "deemed liquidation" by operation of law where Customs fails to liquidate in a timely fashion.  See Ford, 44 F. Supp. 3d at 1353; Koyo Corp. v. United States, 497 F.3d 1231, 1239–40 (Fed. Cir. 2007) (noting that "Congress enacted the deemed liquidation statute to prevent Customs from belatedly assessing additional duties and from indefinitely retaining duties deposited in excess"); S. Rep. No. 95-778, at 4 (1978).  As the legislative history explains specifically as to the later inclusion of drawback claims,

> [i]f drawback claims are never liquidated, for an open-ended time period the drawback claimant's claim unfairly remains subject to challenge by [] Customs. This creates an unwarranted liability and the possibility that the claimant will have to reimburse the U.S. Treasury any drawback monies paid to the claimant–even several years from when the claim was actually made and money was paid to the drawback claimant.

S. Rep. No. 108-28, at 172–73 (2003).  The limitations on drawback liquidation pertinent to this case are cited in full:

### § 1504. Limitation on liquidation

**(a) Liquidation**

. . . .

**(2) Entries or claims for drawback**

**(A) In general**

Except as provided in subparagraph (B) or (C), unless an entry or claim for drawback is extended under subsection (b) or suspended as required by statute or court order, an entry or claim for drawback

not liquidated within 1 year from the date of entry or claim shall be deemed liquidated at the drawback amount asserted by the claimant or claim. Notwithstanding section 1500(e) of this title, notice of liquidation need not be given of an entry deemed liquidated.

**(B) Unliquidated imports**

An entry or claim for drawback whose designated or identified import entries have not been liquidated and become final within the 1-year period described in subparagraph (A), or within the 1-year period described in subparagraph (C), shall be deemed liquidated upon the deposit of estimated duties on the unliquidated imported merchandise, and upon the filing with the Customs Service of a written request for the liquidation of the drawback entry or claim. Such a request must include a waiver of any right to payment or refund under other provisions of law. The Secretary of the Treasury shall prescribe any necessary regulations for the purpose of administering this subparagraph.

. . . .

**(b) Extension**

The Secretary of the Treasury may extend the period in which to liquidate an entry if--

(1) the information needed for the proper appraisement or classification of the imported or withdrawn merchandise, or for determining the correct drawback amount, or for ensuring compliance with applicable law, is not available to the Customs Service; or

(2) the importer of record or drawback claimant, as the case may be, requests such extension and shows good cause therefor.

The Secretary shall give notice of an extension under this subsection to the importer of record or drawback claimant, as the case may be, and the surety of such importer of record or drawback claimant. Notice shall be in such form and manner (which may include electronic transmittal) as the Secretary shall by regulation prescribe. Any entry the liquidation of which is extended under this subsection shall be treated as having been liquidated at the rate of duty, value, quantity, and amount of duty asserted by the importer of record, or the drawback amount asserted by the drawback claimant, at the expiration of 4 years from the applicable date specified in subsection (a).

19 U.S.C. § 1504.[5]  For brevity's sake, the relevant subsections may be categorized as follows: 19

U.S.C. § 1504(a)(2) is the deemed liquidation provision governing drawback claims, within which

19 U.S.C. § 1504(a)(2)(A) governs the liquidation of drawback claims in general unless an

exception overrides, and 19 U.S.C. § 1504(a)(2)(B) governs the liquidation of drawback claims

whose import entries have not "been liquidated and become final" within the one-year period

described in subparagraph (A).[6]  Put another way, Congress designated subparagraph (B) as an

exception to the general one-year deemed liquidation rule of subparagraph (A).  See Ford, 44 F.

Supp. 3d at 1351.  Subparagraph (B) allows a claimant to force liquidation of a drawback claim if

its enumerated conditions are met.  19 U.S.C. § 1504(b) governs extensions of liquidation.

Under 19 U.S.C. § 1504(a)(2), Customs generally has one year within which to liquidate

drawback claims.  If Customs fails to liquidate the drawback claims during that one-year period,

and no specified exception applies, the drawback claims liquidate by force of law, that is, they are

deemed liquidated.  Drawback claims that are deemed liquidated are assessed at the duty rate

asserted by the drawback claimant.  19 C.F.R. § 190.81(e)(2).[7]  Before the one-year time period

elapses, however, Customs may extend the time in which it may liquidate a drawback claim.

Customs may extend the time period for liquidating a drawback claim up to three years, resulting

---

[5] Subparagraph 19 U.S.C. § 1504(a)(2)(C) is an inapplicable transition provision.  19 U.S.C. § 1504(a)(1) is the deemed liquidation provision governing consumption entries and provides generally that an entry of merchandise for consumption not liquidated within one year from the date of entry shall be deemed liquidated at the rate of duty, value, quantity, and amount of duties asserted by the importer of record.

[6] Unless extended under subsection (b), the one-year period described in subparagraph (A) is one year from the date the drawback claim was filed.  See 19 U.S.C. § 1504(a)(2)(A).

[7] Customs will authorize the amount of the refund due as drawback to the claimant and issue payment no later than 90 days after liquidation.  19 U.S.C. § 1504(a)(3); 19 C.F.R. § 190.81(e)(2).

in a total of four potential years before the claim will liquidate by operation of law.  19 U.S.C. §

1504(b); 19 C.F.R. § 159.12 (2016).

The question before the court here is which subparagraph, or subparagraphs, of 19 U.S.C.

§ 1504 governs Performance's two drawback claims.  Depending upon which subparagraph

applies, Performance's drawback claims were either liquidated by operation of law, or not—

ultimately deciding whether Performance receives the drawback amount it asserted as the

drawback claimant.

## II.    Discussion

Performance argues that its drawback claims were deemed liquidated.  Per the plain

language of subparagraph (A), Performance argues, Customs failed to liquidate Drawback Claim

1 within one year of its filing.  Pl.'s Mot. at 8–9.  Thus, Drawback Claim 1 was deemed liquidated

on the one-year anniversary of its filing at the amount asserted by Performance.  Id.  Similar to

Drawback Claim 1, Performance asserts Drawback Claim 2 was also deemed liquidated per

subparagraph (A), the only difference being that Drawback Claim 2 was extended by Customs.

Compl. at ¶¶ 23, 26, 31.  Customs' extension of Drawback Claim 2, under subsection (b), created

a new deadline by which Customs must liquidate the drawback claim under subparagraph (A).  Id.

When Customs failed to liquidate, Performance argues, Drawback Claim 2 was also deemed

liquidated.  Id.  Performance argues that because both of its drawback claims were already deemed

liquidated at the amounts it asserted, Customs' purported liquidations of its drawback claims after

the deemed liquidation dates at an amount of zero were void.  Pl.'s Mot. at 3.

Further, Performance argues that because all of the designated entries underlying its

drawback claims had liquidated before the one-year anniversary of the filing, the exception under

subparagraph (B) does not apply to either Drawback Claim 1 or Drawback Claim 2.  See Pl.'s Mot.

at 16–17.  Performance states it "did not avail itself of the procedure set out in 19 U.S.C. §

1504(a)(2)(B), and indeed was ineligible to do so, as all of the import entries designated in its

claims had liquidated within one year of the filing of the claim."  Resp. of Pl. Performance

Additives LLC to Ct.'s Questions for Oral Arg. at 13, ECF No. 36 (Apr. 16, 2024) ("Pl.'s OA

Resp.").  Because the subparagraph (B) exception, along with any other exception, does not apply

to its drawback claims, Performance argues, the "conditions for 'deemed liquidation' of Plaintiff's

drawback claim[s] are met in this case."  Pl.'s Mot. at 17–18, 21.

The Government argues that Performance's drawback claims were not deemed liquidated

and that Customs' liquidations of Drawback Claims 1 and 2 were therefore valid.  According to

the Government, "a deemed liquidation of a drawback claim under subparagraph (A) only occurs

when all of the designated import entries are liquidated and final by the end of the statutory one-

year period, as measured from the date that the drawback claim is filed."  Def.'s Mot. at 3.  The

Government argues liquidation of a drawback claim becomes final 180 days after liquidation

unless a protest is filed.  Id. at 8 (citing 19 U.S.C. § 1514(a), (c)).  Because all of the designated

import entries underlying Performance's drawback claims were not liquidated and final (i.e., 180

days after the liquidations), the Government claims, Performance's drawback claims were not

deemed liquidated.  Id. at 3, 8–9.

Additionally, the Government contends, and Plaintiff concedes, Performance did not

follow the procedure under the subparagraph (B) exception to force Customs to liquidate its

drawback claims.  Therefore, the time limits imposed by the drawback statute do not apply to

Drawback Claims 1 and 2.  Id. at 3.  The Government claims that because Customs was under no

time restraint to liquidate Performance's drawback claims, its liquidation of Drawback Claims 1

and 2 outside of the alleged deemed liquidation dates was valid.  Id. at 17.

Performance's respective claims are addressed separately.

### a.  Drawback Claim 1 (Entry No. BI00004498-1)[8]

Drawback Claim 1 was filed on March 10, 2020.  Protest for Drawback Claim 1 at 1.

Drawback Claim 1 designated forty-eight import entries, the last of which was liquidated on

November 27, 2020.  See Pl.'s Rule 56.3 Statement of Material Facts Not in Dispute at ¶ 13, ECF

No. 18-1 (Aug. 31, 2023) ("Pl.'s Statement"); Def.'s Resp. to Pl.'s Rule 56.3 Statement of Material

Facts Not in Dispute at ¶ 13, ECF No. 23-2 (Nov. 21, 2023) ("Def.'s Statement").  Customs did

not reliquidate any of the consumption entries or extend liquidation, and no protests were filed.

Pl.'s Statement at ¶¶ 15–17; Def.'s Statement at ¶¶ 15–17.

Performance argues, because all of the underlying consumption entries were liquidated

within one year of the claim, Drawback Claim 1 was deemed liquidated at the one-year anniversary

of the filing of the drawback claim, with allowance of drawback in the amount of $1,328,589.84.

Compl. at ¶¶ 34–37; Pl.'s Mot. at 8.  According to Performance, because all underlying

consumption entries were liquidated by that time, and no exceptions in 19 U.S.C. § 1504 apply, its

drawback claim was deemed liquidated by operation of 19 U.S.C. § 1504(a)(2)(A).  Pl.'s Mot. at

8, 18–21.  Customs' purported liquidation of Drawback Claim 1 approximately one month after

the alleged deemed liquidation date, Performance argues, was therefore untimely and void.  See

Compl. at ¶¶ 37–38.

The Government disagrees, asserting that because all of the designated import entries

underlying Drawback Claim 1 were not liquidated and final, Drawback Claim 1 was not deemed

liquidated under 19 U.S.C. § 1504(a)(2)(A).  Def.'s Mot. at 3.  Instead, Drawback Claim 1 "was

---

[8] Unlike the briefing in this case, the court refers to the later in time but significantly larger claim as Drawback Claim 1.

only ever potentially subject to subsection (B)," a clear exception to subparagraph (A). Def.'s

Resp. to the Ct.'s Questions at 3, ECF No. 35 (Apr. 16, 2024) ("Def.'s OA Resp."); Def.'s Reply

to Pl.'s Resp. to Def.'s Cross-Mot. For Summ. J. at 2, ECF No. 27 (Jan. 19, 2024) ("Def.'s Reply").

Because Performance did not follow the steps outlined in 19 U.S.C. § 1504(a)(2)(B) to force

liquidation of its drawback claim, including depositing estimated duties and filing a written request

for liquidation with Customs, Drawback Claim 1 was not deemed liquidated. Id. As a result, the

Government concludes, Customs' liquidation of Drawback Claim 1 on April 30, 2021, at the

drawback amount of zero was valid. Def.'s Mot. at 17.

As cited above, 19 U.S.C. § 1504(a)(2)(A) deems liquidated drawback claims that have not

been liquidated within one year of their filing. This is the general provision for the liquidation of

drawback claims that applies save the following exceptions: where the underlying import entries

have not been liquidated and become final within the one-year period described in subparagraph

(A); or, where a drawback claim has been extended under subsection (b).[9]   19 U.S.C. §

1504(a)(2)(A)–(B), (b).

Parties agree that Drawback Claim 1 was not extended by Customs and therefore

subsection (b) does not apply.[10]   Def.'s Mot. at 2 n.1; Pl.'s Mot. at 7. Thus, the only exception

under the liquidation statute that could possibly apply to Drawback Claim 1 is subparagraph (B).

Otherwise, subparagraph (A) applies.

By its terms subparagraph (B) is available where a drawback claim's designated import

entries have not been liquidated and become final within one year of the filing of the drawback

---

[9] As mentioned above, 19 U.S.C. § 1504(a)(2)(C) lists another exception that does not apply
here. See supra note 5. A drawback claim may also be suspended as required by statute or court
order, a scenario that also does not apply.

[10] As Drawback Claim 1 was not extended, the one-year period described in subparagraph (A)
was one year from the filing of the drawback claim, i.e., March 10, 2021.

claim.  In this scenario, subparagraph (B) provides a mechanism by which a claimant may prompt

(or "force") Customs to liquidate its drawback claim before its designated import entries, if a

claimant places a deposit and files a written request.  19 C.F.R. § 190.81(b); see supra pp. 4–5.  As

indicated, Plaintiff concedes it does not qualify under this provision.  Pl.'s OA Resp. at 13.  But

that is not the only import of subparagraph (B).  It is true that Drawback Claim 1's underlying

consumption entries had liquidated within one year of the filing of the drawback claim.  Yet, as

the Government argues, subparagraph (B) makes clear that drawback claims whose import entries

have not been liquidated and become final within one year of the filing of the drawback claim are

excepted from the general deemed liquidated drawback provision.  "Final" is not defined anywhere

in the deemed liquidation statute.  See 19 U.S.C. § 1504.  19 U.S.C. § 1514, however, provides the

answer.

  Generally, liquidation of an entry, including a drawback entry, is final and conclusive upon

all persons unless a protest is filed.  19 U.S.C. § 1514(a), (c).  It is the liquidation which is final

and subject to protest, not the preliminary findings or decisions of Customs officers.  See

Commonwealth Oil Ref. Co. v. United States, 332 F. Supp. 203 (Cust. Ct. 1971).  A protest

challenging liquidation may be filed with Customs within 180 days after but not before the date of

liquidation.  19 U.S.C. § 1514(c)(3)(A); Ford, 44 F. Supp. 3d at 1335 (characterizing finality as

when the period for filing any protest or claim against the liquidation of an entry has expired).  The

Government argues that Drawback Claim 1's import entries had not become final because the

protest period had not yet ended.  That is, with the 180-day protest period accounted for, Drawback

Claim 1's import entries may have been liquidated but had not yet become final within one year

of the filing of the drawback claim.  Def.'s Reply at 2.  Thus, according to the Government,

subparagraph (B) is the only avenue that was open to Plaintiff to obtain a deemed liquidation in

advance of finality of the underlying consumption entries.  Id. at 6.  Because it is undisputed that

Performance did not follow the procedure outlined in subparagraph (B) to force liquidation of its

drawback claim, Government argues, Plaintiff is not entitled to drawback.  Id.

The court agrees with the Government.  Subparagraph (B), as an exception to subparagraph

(A), clearly outlines the procedure a claimant must follow to liquidate its drawback claim when its

designated import entries have not been liquidated and become final within one year.  The import

entries underlying Drawback Claim 1 had been liquidated but had not yet become final within one

year of the filing of the drawback claim because the protest period had not yet ended.  19 U.S.C.

§ 1514 dictates that liquidations of import and drawback entries are final unless a protest is filed.

All concerned parties may only know and rely on the fact that a liquidation is final once the period

to protest has ended.[11]

Congress could have made the statute clearer by limiting subparagraph (A) to those

drawback claims with finally liquidated consumption entries, but by expressly making the

exception to subparagraph (A) found in subparagraph (B) specific to non-final claims, Congress

made clear the import of subparagraph (A).  Under subparagraph (A), interpreted in the context of

the whole statute, "an entry or claim for drawback" (absent an extension or suspension, not

applicable here) either deems liquidated on the first anniversary of the filing of the claim, or it

doesn't.  The question of whether the drawback claim was deemed liquidated or was not deemed

liquidated must be ascertainable at that time, i.e., on the one-year anniversary, not some time in

the future.  Drawback claims are deemed liquidated automatically if all underlying consumption

---

[11] Otherwise, parties are presented with a Schrodinger's cat situation—it would be impossible to know whether a liquidation is final or not during the protest period.  Indeed, the very purpose of limitations on liquidation is to "increase certainty in the customs process for importers, surety companies, and other third parties with a potential liability relating to a customs transaction."  S. Rep. No. 95-778, at 32 (1978), reprinted in 1978 U.S.C.C.A.N. 2211, 2243.

entries are liquidated and final within one year of the drawback claim and liquidation of the

drawback claim does not occur by that time.[12]  This makes sense because Customs knows what

drawback is owed on the consumption entries only when they are final, and further, if Customs is

running out of time to liquidate the drawback claim because the liquidation of the underlying

consumption entries is not final, it can extend the deadline under subsection (b).

Any application of subparagraph (A) that ignores the status of the underlying consumption

entries renders the safeguards of subparagraph (B) a nullity.  Even Plaintiff seems to acknowledge

this by asserting the underlying consumption entries were liquidated, if not final.

Because the import entries underlying Drawback Claim 1 had not been liquidated and

become final within one year of the filing of the drawback claim, subparagraph (A) did not apply.

As Performance failed to comply with the statutory requirements of subparagraph (B), it is not

entitled to the deemed liquidation rate it asserted as the drawback claimant under Drawback Claim

1.

### b.  Drawback Claim 2 (Entry No. BI00003408-1)

In its briefing, Performance argues that Drawback Claim 2 liquidated by operation of law

per 19 U.S.C. § 1504(a)(2)(A) and its extension subsection, 19 U.S.C. § 1504(b).  Pl.'s Mot. at

17–18; Pl.'s Resp. to Def.'s Cross-Mot. for Summ. J. at 12–13, ECF No. 24 (Dec. 26, 2023) ("Pl.'s

Resp.").  Performance asserts Drawback Claim 2 was filed on March 8, 2016, and liquidation was

extended once by Customs.  Pl.'s Resp. at 12.  Absent any further extensions, Performance argues,

---

[12] That is, the availability of the elective subparagraph (B) procedure cannot arise until after the close of the one-year period following filing of the claim: the statute makes it available only if there is an underlying consumption entry with a liquidation that did not "become final within the 1-year period described in subparagraph (A) . . . ."  19 U.S.C. § 1504(a)(2)(B).  And if that procedure is still available on the one-year anniversary of the filing of the drawback claim, the deemed liquidation described in subparagraph (A) does not occur.

Court No. 22-00044                                                                    Page 16

Drawback Claim 2 liquidated by operation of law on March 8, 2018, the extended deemed

liquidation date, according to Plaintiff.  Pl.'s Mot. at 17–18.  Further, even if Customs extended

Drawback Claim 2 to the fullest extent of four years allowed under 19 U.S.C. § 1504(b), Customs'

purported liquidation five years later, on May 14, 2021, is asserted to still be "untimely and void."

Id.; Pl.'s Resp. at 12–13.

       The Government disagrees with Performance's categorization of Drawback Claim 2 as

deemed liquidated under 19 U.S.C. § 1504(a)(2)(A).  According to the Government, similar to its

arguments as to Drawback Claim 1, subparagraph (A) governs potential deemed liquidations only

if subparagraph (B) is not available to Plaintiff.  Def.'s Mot. at 11–12.  Here, because all of the

import entries underlying Drawback Claim 2 had not been liquidated and become final within one

year of the filing of the drawback claim, any subsequent extension after the one-year period was a

nullity, and early liquidation of Drawback Claim 2 could only be preserved under subparagraph

(B).  Def.'s Mot. at 11, 18; Def.'s Reply at 2–6 (citing 19 U.S.C. § 1504(a)(2)(B) ("An entry or

claim for drawback whose designated or identified import entries have not been liquidated and

become final within the 1-year period described in subparagraph (A) . . . shall be deemed liquidated

[according to the procedures set forth therein]. . . .")).  Because Performance did not follow the

procedures outlined in subparagraph (B) to liquidate its drawback claim, the Government argues,

Customs was under no time limit to liquidate Drawback Claim 2, regardless of any extensions of

the time to liquidate.  Def.'s Reply at 6; see also Def.'s OA Resp. at 3.  As a result, the Government

claims, Customs' May 14, 2021, liquidation was valid.  The problem is the Government's

interpretation of the statute, which the court has upheld, yields a different result under the actual

facts of Drawback Claim 2.

In advance of oral argument, the Government claimed for the first time that Drawback

Claim 2 was extended on December 1, 2017, after the liquidation deadline of March 8, 2017, had

already passed.  See Def.'s OA Resp. at 1.  The Government argued that the one-year period of

section 1504(a)(2)(A) had elapsed without the designated import entries becoming final and thus

the out of time extension was a nullity.  Id. at 1–3.  The court held oral argument, and afterwards

ordered the Government to provide evidence to corroborate its assertion that the liquidation

deadline for Drawback Claim 2 was extended only on December 1, 2017, which was crucial to its

theory.  Paperless Order, ECF No. 38 (Apr. 19, 2024).  In its response, the Government submitted

evidence showing Drawback Claim 2 was extended twice, once on November 26, 2016, and again

on December 1, 2017.  Def.'s Resp. to the Ct.'s Order, ECF No. 39 (Apr. 26, 2024).[13]  In other

words, there was no gap in the time period covered by the extensions.  The Government submitted

no new argument addressing the new information on the extensions.

As stated, Drawback Claim 2 was originally filed on March 8, 2016.  Protest for Drawback

Claim 2 at 1; Pl.'s Mot. at 17; Def.'s Mot. at 1.  The thirty-one import entries underlying Drawback

Claim 2 were liquidated between July 8, 2016, and December 30, 2016.  Pl.'s Statement at ¶ 5;

Def.'s Statement at ¶ 5.  In the light of the undisputed evidence submitted post-oral argument, the

court finds Drawback Claim 2 was extended by Customs on November 26, 2016, making a new

deadline to avoid deemed liquidation March 8, 2018, and again on December 1, 2017, making the

last deadline to avoid deemed liquidation March 8, 2019.  See 19 U.S.C. § 1504(a)(2)(A), (b); 19

---

[13] The discrepancy in extension dates was likely due to Customs' migration from its former recordkeeping system, Automated Commercial System ("ACS"), to its current one, Automated Commercial Environment ("ACE").  Resp. to Court's Order at 1–2.  As of February 24, 2019, all drawback claimants must file drawback claims through ACE.  See Drawback in ACE, U.S. Customs and Border Protection (Oct. 6, 2022), https://www.cbp.gov/trade/automated/news/drawback (last visited May 1, 2024).

C.F.R. § 159.12.  Adding 180 days to the last date of liquidation of the designated import entries,

it is clear that all of the import entries underlying Drawback Claim 2 had become final well before

the last extended date for liquidation.[14]  This new deadline of March 8, 2019, for liquidation of the

drawback claim came to pass without any further action by Customs, and as a result, Drawback

Claim 2 was deemed liquidated on this date at the drawback amount asserted by Performance.  As

explained previously, under subsection (b) Customs may extend the time in which it may liquidate

a drawback claim.  Once Customs does so, it is subject to the new deemed liquidation deadline it

creates and each extended deadline thereafter.  No other meaning of subsection (b) is asserted or

would make sense.  Here, the deadline for liquidation of Drawback Claim 2 was validly extended

twice before the claim was deemed liquidated under subparagraph (A).  In essence, the one-year

period of section 1504(a)(2)(A) became a three-year period by operation of the extension provision

of section 1504(b).  Customs had three years to liquidate Drawback Claim 2.  When Customs

failed to do so, Drawback Claim 2 was deemed liquidated, and Customs' purported liquidation on

May 14, 2021, was therefore invalid.  Accordingly, Performance is entitled to the deemed

liquidated drawback amount of $91,291.83 it asserts for Drawback Claim 2.

## CONCLUSION

For the foregoing reasons, Performance's cross-motion for summary judgment, ECF No.

18, is granted as to Drawback Claim 2 and denied as to Drawback Claim 1.  Correspondingly, the

---

[14] As discussed previously, subparagraph (B) is an exception to subparagraph (A) that is available when the underlying import entries have not been liquidated and become final within the one-year period as described in subparagraph (A).  19 U.S.C. § 1504(a)(2)(A)–(B).  Here, the one-year period described in subparagraph (A) had been extended twice, to end on March 8, 2019.  As of this date, all underlying import entries were liquidated and final.  Accordingly, subparagraph (B) can not apply to Drawback Claim 2.

Government's cross-motion for summary judgment, ECF No. 23, is denied as to Drawback Claim

2 and granted as to Drawback Claim 1.  Judgment will enter accordingly.

   /s/Jane A. Restani   
Jane A. Restani, Judge

Dated: <u>May 31, 2024</u>
       New York, New York